Bxldwin, J.
delivered the opinion of the Court.
The Court perceives nothing to disapprove in the decision of this Court in Tabb v. Archer, &c., 3 Hen. & Munf. 399. The essential principle of that decision is understood to be, that marriage articles made between an infant feme and her intended husband, beneficial to her and her contemplated issue, are obligatory upon the parties, and will be enforced in a Court of Equity by a settlement in conformity therewith, on the application of the issue of the marriage.
Such a contract is thus distinguished from other contracts, voidable at the election of an infant party. The distinction is believed to be wise and salutary. Infants at certain ages being capable in law of contracting marriage, if their contracts with the other party, made in contemplation thereof, and with the view of securing a provision for them and their offspring, could be set aside by them at future periods, by their mere election, the consequence would be, that such agreements or settlements could not be made with safety by the other party to the marriage without a special act of the legislature, and they would be greatly discouraged, or rendered not only precarious, but often mischievous.
The principle of this distinction is countenanced by the opinions of great English Judges prior to our revolution. It is true, that since our separation from the mother country, it has been shaken and perhaps overturned there by a contrary doctrine. But that furnishes no good reason why we should adopt views believed to be narrow and injudicious, especially against the authoritative adjudication of our own Judges.
The Court, however, though expressing, to avoid misapprehension, its approbation of the principle above *431 mentioned, is further of opinion that the same is not properly applicable to the present case. Here the infant feme was no party to the marriage articles; which were made between her guardians on the one part, and her intended husband on the other; and which cannot have the effect of divesting her property, without holding that her guardians had authority without her concurrence, to alienate her estate. This would be unwarranted by any sound principle, unnecessary for the validity of marriage agreements and settlements, and impolitic, in subjecting minors to such dispositions of their property without their knowledge, and even against their will.
The Court is therefore of opinion, that the marriage articles in question were of no obligatory force upon the infant feme; and that the deed of settlement made after the marriage, in conformity with those articles, had no greater effect, being merely void as to her, (even upon the supposition that she had then attained full age, of which there is no evidence in the record,) for want of the privy examination required by law. In such a case, it is true, there may be acts of the feme, after she has attained full age, and when sui juris, of such a nature as to adopt or ratify the marriage agreement made for her by her guardian. What should be the character of such acts, it is unnecessary to consider in the present case, there being no evidence whatever tending that way.
It is therefore the opinion of the Court, that there is no error in the decree of the Circuit Court dismissing the bill of the appellants; and it is decreed and ordered that the same be affirmed, with costs to the appellees.
Allen, J. The wife never having executed the articles entered into between her guardians and intended husband before marriage, and while she was an infant, and there being no evidence of any election to take un *432 der the articles after the death of her husband, I concur in the decision affirming the decree; but express no opinion upon the question, whether it is competent for 'an infant to bind his real estate by a marriage settlement: ^ not being necessary to the decision of this case.