## Alpha J. Dunton v. John A. Brown.

*Infancy: Partnership agreement.* An infant's partnership agreement is not void : it is at best but voidable. Only such agreements as are not possible to be regarded as beneficial to the infant, are null from the beginning.

*Infancy: Voidable contract: Repudiation: Affirmance.* Neither an infant nor his guardian has authority, while the infancy continues, to determine whether a voidable contract of the infant shall be affirmed or annulled ; this is a matter for his own decision when he arrives at mature age.

*Infancy: Partnership: Repudiation: Labor performed: Implied assumpsit.* An infant's partnership agreement precludes any right on his part to repudiate it while an infant, and to recover upon an implied assumpsit for his labor performed in pursuance of the provisions of the partnership agreement.

*Infancy: Partnership: Executed contracts.* Whether an infant's partnership which has terminated before majority, does not come within the rule which protects executed contracts:—*Quære ?*

*Submitted on briefs January 8. Decided January 19.*

Error to Eaton Circuit.

*M. V. Montgomery,* for plaintiff in error.

*Johnson & Crane,* for defendant in error.

CAMPBELL, J.

The action below was upon the common counts, to recover back one hundred dollars in money, and one hundred and thirty-four dollars in addition, for interest and for services rendered by the infant plaintiff to the defendant. The case shows that the only transactions between the parties were the result of a partnership formed between them, which continued for about three months, when plaintiff told defendant he would stay no longer on that basis, but if he stayed longer he must be paid for his labor. Defendant refused to hire him and plaintiff went away. He afterwards returned and continued nine months without any further talk or agreement, when he left finally, and the assets were all left in defendant's hands. Plaintiff put about one hundred dollars into the business, and drew out about ten dollars. There was no other agreement, and the court below held plaintiff was not entitled to a recovery.

We think this ruling was correct. An infant's partnership agreement is not void. It is at best only voidable; and we have found no authority which enables the infant or his guardian to determine whether a voidable contract shall be affirmed or annulled, while the infancy continues. It appears to be a matter for his own decision when he arrives at mature age. It is only such agreements as are not possibly to be regarded as beneficial to him, which are null from the beginning.

If the agreement was not void, then it precludes the right to repudiate it and substitute in its place a contract by implication entirely repugnant, and which no one ever contemplated. And it is also worthy of consideration, whether, inasmuch as the partnership business continued and ended before suit, and before majority, it does not come within the rule which protects executed contracts in many cases.—*Squier v. Hydliff*, *9 Mich. R.*, *274*. Without deciding what may happen when the infant reaches majority, we think it impossible to sustain an implied assumpsit now, against the terms of the only agreement ever made, which was certainly not a nullity.

The judgment should be affirmed, with costs.

COOLEY, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.