## Henry Armitage v. Jesse C. Widoe.

*Contracts: Assent.* A contract made by a father in his infant son's name, and without the knowledge of the son, is of no binding force upon the son until he has in some way assented to it, and does not, therefore, of itself confer upon him any rights.

*Contracts: Adopting unauthorized acts of another: Agency: Authority.* The real force and effect of the son making his own by adoption the contract thus made in his name by his father, is to retrospectively make the father his agent, or to give the father authority retrospectively, by claiming as his own that which without authority at the time was made in his name. ·

*Infancy: Agent: Attorney: Ratification.* An infant cannot empower an agent or attorney to act for him; and he therefore cannot affirm what another has assumed to do in his name as an agent or attorney. He cannot affirm what he could not authorize. The protection of infancy is a substantial one, and is not to be put aside and overcome by indirect methods.

*Infancy: Gifts: Benefit to infant: Presumptions: Acceptance.* There can be no presumption that a gift to an infant of a contract for the purchase of land at the price of thirteen thousand dollars, and upon which only four hundred dollars has been paid, is for the benefit of the infant; and even if he were an adult, acceptance could not be presumed, of a contract binding him to the payment of a large sum of money, in the absence of express evidence to establish it.

*Infancy: Gift of a contract: Consideration paid: Repudiation.* The gift by a father to his minor son, of a contract for the purchase of land, which he had before made in the son's name without his knowledge, will not entitle the son to recover back from the vendor the payment which the father had before made on the contract. The right to repudiate a contract is not the subject of gift.

*Infancy: Voidable contract: Disaffirmance.* An infant has no right during his minority to disaffirm a voidable contract of purchase.

*Heard January 19. Decided April 4.*

Error to Superior Court of Grand Rapids.

*Thompson & Pratt,* for plaintiff in error.

If the written contract in question is one voidable by the infant party before his coming of age (*Tyler on Infancy,* 67–9; *Gaffney v. Hayden, 110 Mass., 137; 33 Conn., 201*), which was the view the court below took of it, then the plaintiff was entitled to recover by showing his non-age and payment to and receipt by defendant of the four hundred dollars on the contract. But the court submitted to the jury the incompetent evidence tending to show the incidental benefit plaintiff's father expected to derive in a contingency from his son's ownership of the property, and instructed them the only question in the case was whether the contract was made for the benefit of the father. This was erroneous: (1) Because the contract as matter of law conclusively determined the party to whose legal use the money was paid, and established the plaintiff's right of action for it, and it was not competent to contradict or amend that contract, or make a new one, by parol: *Newcomb v. Clark, 1 Denio, 226; Lincoln v. Crandell, 21 Wend., 101; Harp v. Osgood, 2 Hill, 216;* (2) Even if competent to submit the question to the jury, whether the contract was for the benefit of the father, still it was error to instruct them, as the judge did, that the plaintiff could not recover; for the right of action was still in plaintiff, and even if restricted to the same grounds of recovery that the father would have been had he been named as the party to the contract, he would be entitled to recover by showing that defendant failed to show title or was otherwise in default, of which there was proof: *Chitty on Conts.* (7 Am. ed.), *622;* and the court should have explained those matters which he told the jury had nothing to do with the case; (3) Because the judge, in submitting these propositions to the jury, submitted the question whether the contract was that of plaintiff, without instructing them, as requested by plaintiff, that a subsequent ratification of and assent to the act of his agent in making the contract, by the plaintiff, was a sufficient adoption of the contract as his, or some instruction of equivalent import: *Hammond v. Hamlin, 21 Mich., 374; Fleckner v. Bank, 8 Wheat., 338, 363.*

If the contract as matter of law is one not voidable by the plaintiff during infancy, then he was entitled to recover by proving that defendant failed or refused to perform the terms of the contract on his part: *21 Mich., 374; Demarany v. Gravelin, 56 Ill., 93;* and there was evidence on this subject. And the court, therefore, ought not even in this view to affirm the judgment, but should order a new trial to permit plaintiff to have the question of his right to recover by reason of defendant's default passed upon by the jury.

*Champlin & More,* for defendant in error.

It is evident this suit was originally planted on the hypothesis that the contract was one between plaintiff and defendant, and that the former had fully performed and the latter had failed to perform in such a material part as excused plaintiff from further performance and entitled him to rescind the contract and sue to recover back the money paid down. But on the trial this position is changed and plaintiff now claims he was a minor when the contract was executed, and that it was made by his father for and on his behalf, without express authority, and that he ratified the act and assented to it, and then disaffirmed it, and is thus entitled to recover in this action the money paid by his father.

The plaintiff being, at the time the contract was made, a minor, was under a legal incapacity to appoint an agent or attorney, and was under the same incapacity to assent to or ratify an act of agency during his infancy, which lasted up to the time of the trial: *Tucker v. Moreland, Vasse v. Smith, Am. L. C. (5th ed.), 304–5; Saunderson v. Marr, 1 H. Bl., 75; Robbins v. Mount, 33 How., 24; S. C., 4 Rob., 553; Fonda v. Van Horne, 15 Wend., 631; Stafford v. Roof, 9 Cow., 626; Hiestand v. Kuns, 8 Blackf., 345; Cole v. Pennoyer, 14 Ill., 159; Thomas v. Roberts, 16 M. & W., 778; Trueblood v. Trueblood, 8 Ind., 196; 18 Ind., 266; Lawrence v. McArthur, 10 Ohio, 37; Pyle v. Cravens, 4 Littell, 17; Traples v. Hastings, 3 Harr., 403; Semple v. Morrison, 7 Monr., 298; Knox v. Flack, 22 Penn., 337.*

Rights founded on a contract belong to the person who has stipulated for them: *Alton v. Midland R. R. Co., 19 C. B. (N. S.), 240;* the person to sue for the breach of a simple contract must be the person from whom the consideration for the promise moves: *Dicey on Parties, 97.*

If the plaintiff had in fact been bound by the contract, he could not have recovered back the consideration paid, under the testimony disclosed in this record. It seems contrary to justice that he should be permitted to recover it back because he was not bound by any contract. If he can do so, it must be because, either: (1) The money when paid was absolutely his money, and the consideration for which it was paid has failed, or some other fact has arisen which entitles him to demand the money from defendant; or (2) some other party had a right prior to the commencement of this suit to demand the money in question from defendant, and plaintiff has succeeded to such right. And it is not claimed plaintiff occupies either of these positions, but he claims the money was paid for him, and that such payment is equivalent to a payment by him. While that proposition may be true in certain cases,

it evidently cannot be in this. It is impossible to disconnect the payment of the money from the attendant circumstances. And these circumstances show plaintiff was an entire stranger to the transaction in fact, and he has continued to be an entire stranger to it.

There must be a contract between the plaintiff and defendant before it can be ratified by the plaintiff; and likewise must there be such a contract before it can be disaffirmed and repudiated. And there was no contract between plaintiff and defendant for two reasons: (1) The father had no authority to act for his infant son as agent in making the contract; and (2) the infant son was legally incapacitated from conferring such authority, and a *fortiori* from ratifying such assumed agency. Hence there never was any contract which the infant could disaffirm existing between the infant plaintiff and the defendant. This disposes of the plaintiff's right of action.

COOLEY, CH. J:

This action is brought to recover back four hundred dollars paid in the plaintiff's name on a contract for the purchase of lands. The contract was entered into April 24, 1875, and purports to be between Jesse C. Widoe as vendor and Henry Armitage as vendee. The purchase price was thirteen thousand dollars, of which three thousand dollars was payable on or before May 10, 1875, and the balance in ten annual installments of one thousand dollars each, with annual interest. Henry Armitage was about seventeen years of age at the date of the contract, and his name was signed to it by William H. Armitage, his father. The plaintiff, by his own evidence showed that he was ignorant of the contract at the time it was made, and never saw it until after this suit was brought; that he had no money to pay upon it and did pay none; and that his father told him what had been paid on the contract was to be recovered back in his, the son's, name. The father was sworn as a witness, and testified that he made the contract and paid the money for his son, and that the son afterwards, on being informed of it, assented to what had been done. There is some complaint of refusal or unwillingness on the part of

the defendant to perform the contract on his part, and on the contrary he relies upon it as a valid contract, and offers to perform, but the suit appears to be grounded upon the right of an infant to disaffirm his contract and recover back what has been paid upon it.

I. Obviously the first question in the case is, how this infant, who had nothing to do with the making of this contract in the first place, has become entitled to any benefit under or because of it. If he has any right at all, it would seem that he must have acquired it in one of three ways; no other being conceivable. These are—

1. By virtue of the contract itself, made in his name, and which, though made without his knowledge, purported to assure to him rights which we may suppose were of value;

2. By the adoption of the act of his father in making the contract;

3. By accepting the contract as a gift from his father.

It is not claimed, as we understand it, that by the contract itself, independent of any action afterwards taken, the infant would have had any rights at all. No contract is binding upon any party until he assents to it. Even a deed must be delivered and accepted; and much more must a contract be which contains onerous conditions, and assumes to bind the party to the payment of a large sum of money. Any suggestion therefore, that the contract as made entitled the infant to any rights, may be dismissed from consideration. If when made it was a valid contract in favor of any one as vendee, it must have been in favor of the father, who, having made it in the name of another person without authority, might possibly have been compelled to perform it as his own contract, and been entitled to the benefit of it as his own. What rights there may have been by or against him, we need not consider, as they are not involved in this litigation.

II. If the contract became that of the infant through the adoption of the act of his father in making it, it must be because the infant has thus retrospectively made the

ARMITAGE *v.* WIDOE.

father his agent. This, and this only, must be the force of the adoption; it is giving authority retrospectively, by claiming as his own that which without authority at the time was done in his name.

Had the infant in the first place undertaken to make another his agent to enter into the contract for him, the appointment would not have been valid. On the authorities no rule is clearer than that an infant cannot empower an agent or attorney to act for him.—*Whitney v. Dutch, 14 Mass., 457, 460; Lawrence's Lessee v. McArter, 10 Ohio, 37; Fonda v. Van Horne, 15 Wend., 631, 635; Trueblood v. Trueblood, 8 Ind., 195; Cole v. Pennoyer, 14 Ill., 158; Knox v. Flack, 22 Penn. St., 337; Sadler v. Robinson, 2 Stew. (Ala.), 520; Robbins v. Mount, 4 Robt., N. Y., 553.* But if he cannot appoint an agent or attorney, it is clear he cannot affirm what one has assumed to do in his name as such. He cannot affirm what he could not authorize.—*Doe v. Roberts, 16 M. & W., 778, 781; Fonda v. Van Horne, 15 Wend., 631, 636; Trueblood v. Trueblood, supra.* It would be extraordinary if a party who has no power to do a particular act could yet do it indirectly by the mere act of adoption. Such a doctrine would deprive the infant wholly of his protection; for one has only to change the order of proceeding, assume to act for the infant first and get his authority afterwards, and the principle of law which denies him the power to give the authority is subverted. But such a doctrine is wholly inadmissible. The protection of infancy is a substantial one, and is not to be put aside and overcome by indirect methods.

III. Did the infant become entitled to the contract by the gift of his father? That he did, might perhaps be claimed with some degree of plausibility had the payment made on the contract been the whole or the principal part of the purchase price. But the payment was in fact insignificant when compared with what remained to be paid. If the infant took the contract, he took it with all its conditions, one of which was the payment of the sum of twelve

36 MICH.—17.

thousand six hundred dollars in the manner provided for therein. Now there can be no presumption whatever that such a gift was for the benefit of the infant,—and even if he were an adult, acceptance could not be presumed without some express evidence to establish it. In this case, instead of there being evidence that the infant accepts the contract, the suit itself assumes that he rejects it.

But treating the act of the father as a gift to his son, how does this entitle the son to demand and receive back the four hundred dollars paid on the contract? This sum never belonged to the son, and there is no pretense that it was ever given to him. The gift was of a right under the contract acquired by means of the payment of this sum. This right is offered to the son, and according to the testimony of the father, he at first accepts it, but then turns around and says in effect: "No, I will not take this right, but I will demand and have what was paid for it." If he may do this, then what he obtained from his father was not the contract itself, but the right to repudiate the contract. But the right to repudiate a contract is not the subject of gift at all. Besides the father never had it to give. If the contract was valid in his hands, he could not repudiate it, and he could not empower another to do what he could not do himself.

In what has thus far been said, we have not touched upon the authority of the infant to disaffirm a contract of purchase before coming of age. If the contract had become his in any way, it would be, we take it, only a voidable contract, and in *Dunton v. Brown, 31 Mich., 182,* the right to disaffirm a voidable contract during infancy was denied. But it is enough in this case to show that the infant never became entitled either to the contract or to the moneys paid under it.

The judgment must be affirmed, with costs.

The other Justices concurred.