JOHN OSBURN AND WILLIAM JENKINSON V. THOMAS FARR.

*Infants sue on their own joint contracts in their own names.*

In a suit on a joint contract made by an infant and an adult as joint parties, and under which money has been earned, the infant's father cannot sue with the other contractor in his own name as the infant's substitute.

An infant's partnership contract is not void, and in a suit under it upon a completed cause of action for the infant's benefit, he should be a plaintiff in his own name and not through another.

Case made from Kent. Submitted October 24. Decided October 30.

ASSUMPSIT. Defendant had judgment below.

*D. E. Corbitt* for plaintiff.

*S. D. Clay* for defendant. All the members of a firm should be plaintiffs in an action by the firm on a contract, Story on Partnerships, § 241; *Halliday v. Doggett*, 6 Pick., 359; 1 Chitty Pl., 11; where a minor joins in a contract as a member of a firm, the law implies a promise to himself and not to some one representing him, *Corey v. Corey*, 19 Pick., 29.

CAMPBELL, C. J. In this case the court below held that where a joint contract was sued on, made by an infant and an adult, under which money had been earned, the father of the infant could not sue with the adult in his own name as the infant's substitute in the action, as if himself had been joint contractor.

This ruling is correct. An infant's contract of partnership is not void. *Dunton v. Brown*, 31 Mich., 182. The suit was for a completed cause of action, which is for the infant's benefit. The contract was either the joint contract of the firm, or the sole contract of Jenkinson; and there was never any contract relation between

Farr and John Osburn, the father of the minor George. The infant should have been the plaintiff, and not his father. *Teed v. Elworthy*, 14 East, 210; Collyer on Part., 395; Story on Part., § 241.

The judgment must be affirmed with costs.

The other Justices concurred.