𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CHARLES P. AND JOHN H. DELLINGER v. FOLTZ & OTHERS.

NOVEMBER 19, 1896.

1 BILL OF REVIEW—*Petition to Rehear—Case at Bar.*—A bill of review is filed to correct errors in final decrees only. If the decree is not final, the remedy is by a petition to rehear. In the case at bar the injunction bill should have been treated as a petition to rehear the decree pronounced in the original suit on the bill taken for confessed.

2. BILL TO ENFORCE LIEN RESERVED—*Personal Decree.*—On a bill filed to enforce a lien reserved on real estate for balance of purchase price thereof, there may be a personal decree against the purchaser for the purchase money before the sale, and not merely for the balance due after crediting the proceeds of the sale of the land. But there can be no personal decree against one who was no party to the contract of purchase.

3. DEED BY GUARDIAN OF WARD'S LAND.—*Void Acts of Infants—Affirmance.*—The deed of a guardian conveying the real estate of his ward is of no obligatory force upon the ward. It is void on its face. An infant cannot empower an agent or attorney to act for him in the conveyance of his lands; nor can he, on coming of age, affirm what one has assumed to do for him, for he cannot ratify a void act, or one that he could not authorize.

Appeal from a decree of the Circuit Court of Shenandoah county, pronounced September 10, 1895, in a suit in chancery wherein the appellee, Isaac Foltz, was the complainant, and the appellants and others were the defendants.

*Reversed.*

The bill in the principal case was filed by Isaac Foltz, assignee of H. H., Noah, and William J. Coffman, against Dilmon P. Dellinger, Thomas A. Dellinger in his own right and as guardian of John Dellinger and Charles Dellinger,

and John Dellinger and Charles Dellinger, the assignors of complainant, and others. The bill sets out an exchange of lands between the Coffmans and Dilmon P. Dellinger and Thomas A. Dellinger in his own right and as guardian of his brothers, John Dellinger and Charles Dellinger, and charges that Thomas A. Dellinger not only acted as guardian, but also as agent of his brothers "with their consent and by their request," and that they had ratified and approved the exchange since they became of age. The bill also sets out that Dilmon P. Dellinger and Thomas A. Dellinger in his own right and as guardian as aforesaid had agreed to pay $1,750 to the Coffmans for the difference in the value of lands exchanged, which sum was to be paid in five annual instalments of $350 each, which were evidenced by the five bonds of Dilmon P. Dellinger and Thomas A. Dellinger, in his own right and as guardian for John and Charles Dellinger, and that three of these bonds had been assigned to the complainant, and that in the deed made by the Coffmans to Dilmon P. Dellinger and Thomas A. in his own right and as guardian as aforesaid, a lien had been reserved to secure the payment of said bonds. After making the necessary parties the prayer of the bill is as follows: "That proper process issue, that the said real estate or so much thereof as may be necessary, be sold to pay your orator's debt, principal and interest, and costs of this suit, and that your honor will grant such further and general relief as may be consistent with equity, and the case requires."

The other facts appear in the opinion of the court.

*Walton & Walton,* for the appellants.

*Williams & Bro.,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The appellants, Charles P. and John H. Dellinger, owned jointly with their brother, Thomas A. Dellinger, certain real estate in the county of Shenandoah, as heirs of their deceased mother, subject to the rights of their father, Dilmon P. Dellinger, as tenant by the curtesy.   On the 22nd day of March, 1889, Dilmon P. Dellinger, the father, and Thomas A. Dellinger in his own right and as guardian of his infant brothers, Charles P. and John H. Dellinger, united in a deed conveying this land to William J. and Jacob K. Coffman, receiving in exchange therefor a deed of conveyance for another tract of land, and agreeing to pay as the difference in value between the two tracts the sum of $1,750 in five equal annual payments of $350 each, evidenced by bonds executed by Dilmon P. Dellinger the father, and Thomas A. Dellinger in his own right and as guardian of the appellants.   To secure these five deferred purchase money bonds a vendor's lien was reserved in the deed from William J. Coffman and others to the Dellingers.

Three of these bonds were assigned to Isaac Foltz, who instituted this chancery suit, to March rules, 1895, in the Circuit Court of Shenandoah county, to enforce their payment by a sale of the land.   Among others, the appellants, who had reached their majority, were made parties defendants.   The bill set forth the facts already stated as to the exchange of lands, alleges the infancy of the appellants at the time of the transaction, and charges that the exchange was made, and the bonds executed by their guardian with their consent and at their request; that since their majority, appellants had approved and ratified the exchange and execution of the bonds by their guardian and agent; that they, along with their father and guardian, were put in possession of the land, and have used, occupied, and enjoyed the same since the date of the purchase, and that they have made payments on the bonds given therefor since attaining the age of twenty-one years.

On the 6th day of April, 1895, the bill was taken for confessed as to. all the defendants, and a decree entered for the balance of unpaid purchase money against Dilmon P. Dellinger, Thomas A. Dellinger and each of the appellants, and commissioners appointed to sell the land.

On the 7th day of June, 1895, the appellants obtained an injunction restraining the execution of this decree. In their bill for an injunction they set forth the facts as already stated in regard to the sale and exchange of their lands, and the execution of the bonds during their infancy by their guardian, and charge that for some reason unknown to them their brother Thomas A. Dellinger had qualified as their guardian. They allege that the exchange of their land, and the execution of the bonds by Thomas A. Dellinger, as their guardian, was done without consultation with them; that they had never ratified or approved of the exchange; that it was not to their advantage; that they had never paid one cent on the bonds executed by their guardian; that they utterly repudiated the contract; that their guardian had no right under the law to make any disposition of their interest in the land, and prayed that the decree of April 6, 1895, be reheard and set aside; that the deeds of exchange be vacated; that they be restored to their original rights, and for general relief.

On the 10th day of September, 1895, both causes were brought on to be heard together—the original cause upon the papers formerly read, and the injunction bill, upon demurrer thereto and motion to dissolve—when a decree was entered dissolving the injunction and dismissing the bill, having first however treated the injunction as a bill of review for the purpose of modifying the decree of sale in so far as it operated as a personal decree, upon the ground that there could be no personal decree before the sale—the court holding that the appellants, although minors at the time of the sale and exchange of the land, had reached their ma-

jority prior to the institution of the suit by Isaac Foltz, and were made parties thereto, and had made no defence by plea, answer, or otherwise, and were therefore concluded by the decree of sale of April 6, 1895.

It was error to treat the injunction bill as a bill of review for the purpose of modifying the decree of sale—a bill of review being the remedy when a final decree is to be corrected. The decree of sale in this case was not final, but interlocutory, much remaining to be done to give completely the relief contemplated by the court. *Cocke's Adm'r.* v. *Gilpin,* 1 Rob. 22; *Ryan's Adm'r.* v. *McLeod,* 32 Gratt. 367; *Rawlings* v. *Rawlings,* 75 Va. 76.

To correct any error in that decree the bill of injunction should have been treated as a petition to rehear. It was, however, error to correct the decree in the particular mentioned for the reason given by the court; it being settled that there may be a personal decree for the purchase money before the sale, and not merely for the balance remaining due after crediting the proceeds from the sale of the land. *Fayette Land Co.* v. *Louisville & N. R. Co., ante* p. 226.

The bill filed by the appellee, Isaac Foltz, sets out a transaction void on its face, so far as the appellants are concerned.

Charles P. and John H. Dellinger were not parties to the contract relied on. They did not execute the deed by which their interest, as remaindermen, in the land of their deceased mother was sold and conveyed, and the deed executed by their guardian cannot have the effect of divesting them of that interest. The deed of the guardian was unwarranted, and is of no obligatory force upon the appellants. *Healy et als.* v. *Rowan et als.,* 5 Gratt. 414.

The bill alleges that the guardian was acting with the consent and approval of appellants, and as their agent, in making the deed and executing the bonds, and it is contended that this makes the contract voidable. On the face of

the deeds and the bonds, which are filed as exhibits with the bill, Thomas A. Dellinger appears to have acted alone in his capacity as guardian, and there is no proof that he was acting otherwise; but if he had, as alleged, been acting as agent, the transaction would still be void as to appellants, and their rights unaffected by it, for, if it be true that one who deals with an infant in his own proper person does so at his peril, *a fortiori* is it true when he deals with one who represents himself as agent of the infant, it being well settled that an infant cannot empower an agent or attorney to act for him, and that such an appointment would be void. Nor can he affirm what one has assumed to do for him, for he cannot ratify what he could not· authorize. 1 Minor's Inst.. 516; *Mustard* v. *Wohlford's Heirs*, 15 Gratt. 329; *Thomas* v. *Roberts*, 16 M. & W. 778; *Dexter* v. *Hall*, 15 Wall. 9; *Fonda* v. *Vanhorne*, 15 Wendell, 631; *Armitage* v. *Widoe*, 36 Mich. 124; *Trueblood* v. *Trueblood*, 8 Ind. 195.

The bill further alleges that after appellants reached their majority, they approved and ratified the exchange and purchase entered into by their guardian.

In order that a contract made during infancy may be ratified after full age, it must of necessity be a contract merely voidable. The contract under consideration being void, cannot be confirmed. Nothing but a new agreement, made after full age, could operate to deprive the appellants of their land, and none such is alleged.

The court is therefore of opinion that the contract set forth in the bill, by which Thomas A. Dellinger undertook to sell and convey the interest of appellants in the land of their deceased mother, is void and of no effect so far as appellants are concerned.

The court is further of opinion that the Circuit Court erred in sustaining the demurrer to the bill of injunction filed by appellants, and dismissing the same. The bill ought to have been treated as a petition to rehear and correct the decree of

April 5, 1895, so far the interest of appellants was prejudiced thereby, and the decree of September 10, 1895, after setting forth that appellants were not bound in any way by the deeds and the bonds executed by their guardian, should have dismissed the bill of complaint as to them.

This court, not being called upon to do so, expresses no opinion as to the propriety of the decree of sale so far as the other defendants to appellee's bill are concerned. His rights as against them are left for such action as he may be advised he is entitled to.

For the foregoing reasons, the decree appealed from must be reversed and set aside, and the cause remanded to the Circuit Court, to be there proceeded with in accordance with the views expressed in this opinion.

*Reversed.*