## LANSING *v.* MICHIGAN CENTRAL RAILROAD CO.

INFANTS—CONTRACTS—SETTLEMENT—DISAFFIRMANCE.

A compromise and settlement by an infant of a claim for personal injuries is voidable only, and cannot be repudiated by him before attaining his majority.

Error to Monroe; Kinne, J. Submitted April 17, 1901. Decided May 21, 1901.

Case by Edith Lansing, by next friend, against the Michigan Central Railroad Company, for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Ira G. Humphrey* and *Willis Baldwin,* for appellant.

*C. A. Golden* (*Henry Russel,* of counsel), for appellee.

MOORE, J. In November, 1899, plaintiff was injured in a railroad accident upon defendant's railroad. To recover damages for said injury, she sued defendant in the Monroe circuit court. No next friend was appointed. Her attorneys were Look & Humphrey. Negotiations were had between Mr. Pond, acting for the defendant, and Mr. Look, acting for plaintiff, looking to a settlement of the controversy. Mr. Look telegraphed plaintiff to come to Detroit, and she did so. A settlement was agreed upon. The plaintiff signed and caused to be delivered to defendant the following paper:

"May 25, 1900.
"The MICHIGAN CENTRAL RAILROAD CO.
"To EDITH LANSING, Dr.,
"Toledo, Ohio.
"For amount agreed to be paid by said company and received by Edith Lansing in compromise of a claim presented to this company by said Edith Lansing for damages

on account of injury to her person and property alleged to have been suffered by her by wreck of a train of said company on November 9th near Vienna station, between Detroit and Toledo, and in settlement and compromise of the suit now pending in the circuit court for the county of Monroe, Michigan, in which said Edith Lansing is plaintiff and the Michigan Central Railroad Company is defendant (said suit to be discontinued),_____$750.00.

"Said company claims that said train was wrecked without fault on its part, but maliciously, by persons having no connection with it, and that it is neither morally nor legally liable in the premises; and it has consented to make this payment solely in compromise of the claim so presented.

"Received, May 25th, 1900, seven hundred and fifty dollars ($750.00), in full of above.

"EDITH LANSING. [L. S.]

"In presence of
"JOSEPH F. VIESON.
"ALFRED LEVY.
"WILLIAM LOOK.

"To JOHN E. GRIFFITHS, Local Treasurer M. C. R. R. Co., Detroit, Mich.:

"You are hereby authorized and requested to pay the above amount of seven hundred and fifty dollars by check to the order of William Look, my attorney.

"EDITH LANSING. [L. S.]

"In presence of
"JOSEPH F. VIESON.
"ALFRED LEVY.
"WILLIAM LOOK.          [Revenue stamp.]

"Received check of Michigan Central R. R. Co. for $750.00 in payment of within voucher.

"May 26, 1900.          WILLIAM LOOK,
"For LOOK & HUMPHREY.
"Witness: GEORGE E. TEGART."

Upon the payment of the money the suit in the circuit court was discontinued. Some time after this the present suit was brought, Mr. Humphrey acting as the attorney for the plaintiff. It is her claim that she was induced by the false statements of Mr. Look to agree to the settlement; that she was under age when she signed the papers,

and is not bound by the settlement, because she was a minor when she entered into it.   She claimed on the trial that but $300 was paid to her, and offered to show that she had spent the money for necessaries, and for that reason could not return it to the defendant.

Upon the trial plaintiff gave testimony tending to show the accident, and the fact that she was injured, and claimed that, when the settlement was entered into, she was under the age of 21 years, and was still under 21 years of age at the time of the trial.   Defendant offered in evidence the settlement, and also the testimony of the father of the plaintiff, and admissions made by the plaintiff, tending to show she had attained her majority when the settlement was made.   The circuit judge was of the opinion that, upon any theory of the case, plaintiff was not entitled to recover; that if she was of age when the settlement was made, as it is not claimed that defendant was party to any fraud, the plaintiff would be bound by it; that, if she was not 21 years of age when the case was tried, then she was too young to disaffirm the settlement, and for that reason could not recover.

It is claimed by counsel for plaintiff that the settlement was not a contract, and could be avoided at any time. It is also contended that, even if it is deemed a contract, it could be disaffirmed at any time; counsel citing a number of authorities.   An examination of these authorities shows a good deal of confusion in the various decisions, but the questions involved are not new in this State.   If the plaintiff had attained her majority at the time when she agreed upon a settlement with the attorney for defendant, and signed the papers which she did sign, she would have been bound by the settlement, in the absence of fraud. *Lewless* v. *Railway Co.*, 65 Mich. 292 (32 N. W. 790). Conceding that the plaintiff at this time was under age, what was done was not void, but voidable only.   The railroad company was bound by it.   It could be avoided only by the infant.   In *Dunton* v. *Brown*, 31 Mich. 182, it is said:

"An infant's partnership agreement is not void. It is, at best, only voidable; and we have found no authority which enables the infant or his guardian to determine whether a voidable contract shall be affirmed or annulled while the infancy continues. It appears to be a matter for his own decision when he arrives at mature age. It is only such agreements as are not possibly to be regarded as beneficial to him which are null from the beginning."

In *Armitage* v. *Widoe*, 36 Mich. 124, it is said:

"In what has thus far been said, we have not touched upon the authority of the infant to disaffirm a contract of purchase before coming of age. If the contract had become his in any way, it would be, we take it, only a voidable contract; and in *Dunton* v. *Brown*, 31 Mich. 182, the right to disaffirm a voidable contract during infancy was denied."

See, also, *Osburn* v. *Farr*, 42 Mich. 134 (3 N. W. 299).

The direction of the circuit judge is justified by the Michigan cases.

Judgment is affirmed.

Hooker, Long, and Grant, JJ., concurred. Montgomery, C. J., did not sit.