STOLL *v.* HAWKS.

1. INFANTS—FRAUD—CONTRACTS—RIGHT TO RESCIND.
   An infant, like an adult, may reclaim money, on failure of consideration or because obtained by fraudulent representations; and he may at any time rescind his contracts for valid reasons.

2. FRAUD—RESCISSION.
   The rule that an infant may not finally rescind his contract until his majority applies to contracts voidable on the ground of infancy, not fraud.

Error to St. Joseph; Knowlen, J. Submitted Janu-

ary 13, 1914. (Docket No. 66.) Decided March 27, 1914.

Assumpsit in justice's court by Amel Stoll, by next friend, against Arland Hawks for the recovery of money paid for a horse. From a judgment for plaintiff, defendant appealed to circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Alfred S. Frost* and *E. Frost*, for appellant.

*B. E. & E. H. Andrews* and *David L. Akey*, for appellee.

MOORE, J. The plaintiff is an infant. It is his claim that he purchased of defendant, for $180, a horse, which was warranted to be sound and all right, when, in fact, it was blind. After he found out the situation, an effort to compromise having failed, he returned the horse to the defendant, and demanded a return of his money. The defendant claims he never represented the horse to be sound, and that he did not sell to the plaintiff, but to his father.

The testimony was in sharp conflict. Nearly all the questions involved are questions of fact, which were properly submitted to a jury, which found against the contention of defendant.

There is a question of law involved. It is stated by counsel as follows:

"If this contract had been made by the infant with the defendant, as the infant claims in his testimony, it would be a voidable contract only, and could be rescinded by the infant after he arrived at the age of 21 years, and not before; for an infant has no authority under the law of Michigan to affirm or rescind a voidable contract while the infancy continues. *Armitage* v. *Widoe*, 36 Mich. 124, 129; *Dunton* v. *Brown*, 31 Mich. 182; *Lansing* v. *Railroad Co.*, 126 Mich. 666 [86 N. W. 147, 86 Am. St. Rep. 567]; *Minock* v. *Shortridge*, 21 Mich. 304."

We think the principle of law that is attempted to be here stated is not applicable to the instant case. The plaintiff is seeking to rescind, not because he is an infant, but because a fraud has been perpetrated upon him.

1 Parsons on Contracts (9th Ed.), p. 368, states the rule to be:

"An infant stands on the same footing as an adult, in respect to his rights to reclaim money on failure of consideration, or because obtained by fraud, or to rescind contracts for good reasons."

16 Am. & Eng. Enc. Law (2d Ed.), p. 298, reads:

"But in other transactions, especially where personal property or executory contracts are involved the infant may avoid at any time. This distinction is for the infant's benefit to enable him to recover personal property before it is lost, or to avoid immediate consequences of his contracts, while land may be recovered at any time."

If the rule was otherwise, it would be pretty safe to perpetrate fraud upon infants in relation to personal property; for, before there could be a disaffirmance after the infant had reached his majority, the fruits of the fraud would be beyond his reach.

Judgment is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.