MILLIGAN v. S. W. STRAUS & CO.

INFANTS—DISAFFIRMANCE OF CONTRACTS DURING MINORITY.
 Contract for purchase of bonds made by an infant may not be disaffirmed by him during his minority.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 8, 1934. (Docket No. 80, Calendar No. 37,879.) Decided September 18, 1934.

Assumpsit by John F. Milligan, an infant, by next friend, against S. W. Straus & Company, an Illinois corporation, to recover money paid for bonds. Judgment for defendant. Plaintiff appeals. Affirmed.

*Harry C. Milligan* and *Maxwell I. Silverstein,* for plaintiff.

*Butzel, Levin & Winston,* for defendant.

POTTER, J.   Plaintiff, an infant, by his next friend sued defendant in assumpsit to recover money paid for certain bonds purchased by plaintiff from defendant.   From a judgment for defendant, plaintiff appeals.   Plaintiff's declaration alleges his infancy, the purchase of and payment for the bonds, the disaffirmance of the contract to purchase by plaintiff, and the refusal of defendant to pay back the money received.   The facts are not in dispute.   Plaintiff was a minor when he bought the bonds, when he attempted to disaffirm the contract, when he brought suit, and when the case was tried.   There are many cases which hold that the time for ratification of a contract or undertaking of an infant is after his arrival at majority, because prior to that time the rules which preclude his binding himself by his personal contracts also preclude him from binding himself by any subsequent ratification thereof; that ratification during the infancy of the minor is void for the same reason any other contract of the minor is void.   31 C. J. p. 1062.   By the numerical weight of authority a different rule applies as to disaffirmance of a contract by an infant.

"In most jurisdictions, an infant has the right and power to avoid, on the ground of his infancy, his personal contracts or contracts relating to personalty during his minority, as well as after he has attained his full age."   31 C. J. p. 1067.

In Michigan the same rule applies to the disaffirmance of an infant's contract as to ratification. *Chandler* v. *McKinney,* 6 Mich. 217 (74 Am. Dec. 686); *Minock* v. *Shortridge,* 21 Mich. 304; *Dunton* v. *Brown,* 31 Mich. 182; *Armitage* v. *Widoe,* 36 Mich. 124; *Osburn* v. *Farr,* 42 Mich. 134; *Bloomingdale* v. *Chittenden,* 74 Mich. 698; *Lansing* v. *Railroad Co.,* 126 Mich. 663 (86 Am. St. Rep. 567); *Shreeves* v.

*Caldwell,* 135 Mich. 323 (106 Am. St. Rep. 396, 3 Ann. Cas. 592); *Stoll* v. *Hawks,* 179 Mich. 571 (51 L. R. A. [N. S.] 28); *Reynolds* v. *Garber-Buick Co.,* 183 Mich. 157 (L. R. A. 1915C, 362).

"We have found no authority which enables the infant or his guardian to determine whether a voidable contract shall be affirmed or annulled, while the infancy continues. It appears to be a matter for his own decision when he arrives at mature age." *Dunton* v. *Brown, supra.*

"In *Dunton* v. *Brown,* 31 Mich. 182, the right to disaffirm a voidable contract during infancy was denied." *Armitage* v. *Widoe, supra,* 130.

In *Lansing* v. *Railroad Co., supra,* plaintiff claiming to have been injured sued defendant and settlement was made, reduced to writing, signed by the parties and plaintiff paid. Subsequently plaintiff, claiming she was an infant when the case was settled, sought to repudiate the settlement and sued the company. It is said:

"If she was of age when the settlement was made, as it is not claimed that defendant was party to any fraud, the plaintiff would be bound by it; * * * if she was not 21 years of age when the case was tried, then she was too young to disaffirm the settlement, and for that reason could not recover."

In *Reynolds* v. *Garber-Buick Co., supra,* 162, Reynolds, after he was 21 years old, sued to recover money paid by him, while an infant, for an automobile. It is said:

"After reaching his majority one may disaffirm a contract made by him during infancy and recover what he paid or parted with pursuant to such contract, if he return what he received. * * * On disaffirming the contract and returning the article purchased during infancy, the money paid thereon may be recovered, though the value of its use while the

infant had it may exceed the payment made upon it."

Either the Michigan authorities above cited must be overruled or the judgment of the court below affirmed. It is affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. BUTZEL, J., did not sit.