## CIRCUIT COURT OF THE CITY OF RICHMOND

Katrice Barnes et al.

v.

Style-Rite of Richmond, Inc.

May 13, 1980

Case No. LC-1348

By JUDGE MARVIN F. COLE

This is a suit brought by Kim Barnes, an infant, who sues by her father and next friend, Jonathan Barnes, to recover damages for negligence from the defendant, Style-Rite of Richmond, Inc. The suit is now before the court on the defendant's Special Plea which alleges that the action of the plaintiff is barred by reason of the fact that the father of the infant plaintiff on or about February 22, 1979, with full knowledge of the facts, executed a release in favor of the defendant and, therefore, the doctrine of accord and satisfaction is applicable and that the action must be dismissed.

The evidence establishes the fact that on March 12, 1978, the father carried his three daughters to the defendant's beauty shop for treatments to their hair. As a result of the treatments, breakage and dryness to the hair of the girls occurred. The defendant made several attempts to correct the situation and gave them free conditioner and shampoo to assist in caring for their hair.

The owner of the beauty salon testified that on February 22, 1979, she asked the father if it was money he had spent for the children's initial treatment that he wanted back. He answered that would be fine. She then wrote a receipt (Defendant's Exhibit 1) for the refund of the money, forty dollars, in order to provide for a bookkeeping record and to evidence the fact that an agreement had been reached between them.

The question before the court is whether this receipt and the evidence surrounding it constitutes an accord and satisfaction of the infant's claim.

In a case such as this, there are two claims; namely, (1) the claim of the parents for expenses, and (2) the claim of the infant for injuries. The present question involves the second type of claim and not the first. The receipt may well be an accord and satisfaction of the parent's claim for expenses, but we are involved with the claim of the infant in this case.

To constitute an accord and satisfaction there must be an agreement. But, any agreement entered into by an infant is voidable and can be disaffirmed by the infant within a reasonable time after reaching majority. But, this is not an agreement entered into by the infant.

An infant cannot appoint an agent or attorney. Such an appointment is void. (See *Dellinger* v. *Foltz*, 93 Va. 729 (1896).) Therefore, there is no way that the father in this case could have been acting as agent for the infant to bind such infant.

Is there any way that one can receive a valid release from an infant? The answer is yes. Section 8.01-424 of the Code of Virginia provides that in any action or suit wherein a person under a disability (an infant is included under this term) is a party, the court in which the same is pending shall have the power to approve and confirm a compromise of the matter in controversy on behalf of such party, if such compromise shall be deemed to be to the interest of the party.

No court has approved a settlement or compromise of the infant's claim against the beauty salon. Even if you could consider the receipt as an agreement, the settlement or compromise contained in the receipt has not been approved by any court. Therefore, it cannot be binding upon the infant.

Because of the above, I am of the opinion that the special plea of the defendant must be dismissed.