Nov. Term,<br>1856.<br><br>TRUEBLOOD<br>v.<br>TRUEBLOOD.

---

TRUEBLOOD and Others *v.* TRUEBLOOD and ANOTHER.

An infant cannot appoint an agent; nor can he, after he attains his majority, ratify the act of a person assuming to be his agent, performed while he was an infant. Such an act is absolutely void.

APPEAL from the *Vigo* Circuit Court.

*Saturday,*<br>*November* 29.

PERKINS, J.—Bill in chancery, under the old practice, to compel a specific performance, and to set aside a fraudulent deed. Bill dismissed. The facts of the case, so far as material to its decision, are as follows:

In 1845, *William Trueblood* was an infant, and owner of a piece of land. At that date, *Richard J. Trueblood,* the father of said *William,* executed a title-bond to one *Nathan Trueblood,* whereby he obligated himself to cause to be conveyed to him, said *Nathan,* the piece of land belonging to *William,* after the latter should become of age. The conveyance was to be upon a stated consideration. The bond is single—simply the bond of *Richard*—and *William* is nowhere mentioned in it as a party, but his name is signed with his father's at the close of the condition, as may be supposed, in signification of his assent to the execution of the instrument by his father. We shall so treat his signature to the bond.

After *William* became of age, it is claimed that he ratified the bond, and afterwards sold and conveyed the land to another—*Robert Lockridge*—who had notice, &c.

This bill was filed in order to have the deed to *Lockridge* set aside, and a conveyance decreed to *Nathan Trueblood*, pursuant to the terms of the bond.

The Court below, as we have stated, refused to enter such a decree, and held, as counsel inform us, that the bond was not susceptible of ratification by *William Trueblood;* and whether it was or not is the important question in the case; for if the bond was not susceptible of such ratification, we need not inquire into the alleged facts which it is claimed evidence that such an act had been done.

As we have seen, the bond is not, in terms, the bond of *William Trueblood.* He could not, by virtue of its express provisions, be sued upon it. Where a father signs his name to articles of apprenticeship of his son, simply to signify his assent to them, he cannot be a party to a suit upon the articles. 5 Ind. R. 538.

If the bond, then, can in any light be regarded as the contract of *William Trueblood*, it must be because his father may be considered his agent in executing it. Can, then, an infant, after arriving at age, ratify the act of his agent, performed while he was an infant? This depends upon whether his appointment of an agent is a void or voidable act. If the former, it cannot be ratified (5 Ind. R. 353); if the latter, it can be. Reeves's Dom. Rel. 240.

In the first volume of American Leading Cases, 3d ed., p. 248, *et seq.*, the doctrine is laid down, as the result of the *American* cases on the subject, that the only act an infant is incapable of performing, as to contracts, is the appointment of an agent or attorney. Whether the doctrine is founded in solid reasons, they admit, may be doubted; but assert that there is no doubt but that it is law. See the cases there collected.

The law seems to be held the same in *England.* In *Doe* v. *Roberts*, 16 M. and W. 778, a case slightly like the present, in some respects, the attorney, in argument, said, "Here a tenancy has been created, either by the children, or by *Hugh Thomas*, acting as their agent."

PARKE, B. replied, "That is the fallacy of your argument. An agreement by an agent cannot bind an infant. If an infant appoints a person to make a lease, it does not bind the infant, neither does his ratification bind him. There is no doubt about the law; the lease of an infant, to be good, must be his own personal act." So, here, had the bond been the personal act of the infant, he could have ratified it. It would have been simply voidable. But the bond of his agent, or one having assumed to act as such, is void, and not capable of being ratified. See 8 Blackf. 345.

The decree below must, therefore, be affirmed with costs.

GOOKINS, J., having been concerned as counsel, was absent.

*Per Curiam.*—The decree is affirmed with costs.

*S. B. Gookins*, for the appellant (1).

(1) The counsel for the appellant cited the following authorities:
On attaining his majority, the infant expressly ratified the contract, and it is very clear that the ratification made it binding from the first. 14 Mass. 457, 461.—10 *id.* 137.—13 *id.* 371.—15 *id.* 220.—Ha. 143.