ADOLPH TURNER, by next friend, Appellant, v. SIMON BONDALIER *et al.*, Respondents.

Kansas City Court of Appeals, July 2, 1888.

1. INFANT—POWER TO APPOINT AGENT TO MAKE AFFIDAVIT IN ACTION OF REPLEVIN.—The appointment of an agent by an infant by power of attorney is void. So an appointment by an infant of an attorney for the purpose of indorsing a note is void, whether it be by warrant of attorney or by parol. So an appointment by an infant to confess judgment is void, or to deliver property for him,— to render it voidable merely he must deliver manually. So his appointment of an agent to contract for him is void, nor can he ratify such act. An agent ought necessarily to have a principal who is *sui juris*. *Held*, therefore, that an infant, without the interposition of a next friend or guardian, cannot appoint an agent to make affidavit to his statement in replevin.

2. REPLEVIN—AMENDMENT OF STATEMENT WITHOUT AFFIDAVIT ON APPEAL TO CIRCUIT COURT.—Section 3060, Revised Statutes, provides that "the statement of plaintiff's cause of action . * * * may be amended upon appeal in the appellate court, to supply any deficiency or omission therein," etc. And this section has been held to apply to deficiences or omissions which were jurisdictional. (*Mitchell v. Railroad*, 82 Mo. 108). But in this case, it is not a deficiency or omission in the statement, which is to be supplied by amendment, but it is adding an affidavit on appeal, which is required before the issue of process. This could not be supplied in the circuit court.

APPEAL from Cole Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

*Motion for rehearing denied.*

The case is stated in the opinion.

McIntyre & Wagner and W. S. Pope, for the appellants.

I. The statement and affidavit filed before the justice was sufficient. The affidavit could be made by an agent. Rev. Stat., sec. 2882 ; *Johnson v. Mason*, 16 Mo. App. 273.

II. The omission to state that the property had been injured, how and in what manner, was an immaterial omission. It was not a jurisdictional fact necessary to be stated. *Reigert v. Voelker*, 6 Mo. App. 53 ; *Berry v. Kaufman*, 70 Mo. 187.

III. The court erred in not permitting the plaintiff, at least to file the amended statement and affidavit which he offered to file. Rev. Stat., sec. 3060 ; *Gregory v. Railroad*, 20 Mo. App. 451 ; *Butts v. Phelps*, 79 Mo. 303 ; *King v. Railroad*, 79 Mo. 329 ; *Mitchel v. Railroad*, 82 Mo. 108 ; *Minter v. Railroad*, 82 Mo. 129 ; *Davis v. Ritchie*, 85 Mo. 501 ; *Manz v. Railroad*, 87 Mo. 280 ; *Vaughn v. Railroad*, 17 Mo. App. 8 ; *Wood v. Railroad*, 20 Mo. App. 600 ; *Shaffner v. Leahy*, 21 Mo. App. 113 ; *Newberger v. Friede*, 23 Mo. App. 639 ; *Rathburn v. Teeter*, 25 Mo. App. 284 ; *McMurry v. Martin*, 26 Mo. App. 437.

Edwards & Davison, for the respondent.

I. The court will observe that the transcript of the record in this case utterly fails to show for what reasons the circuit court refused to permit the plaintiff to amend. The bill of exceptions must show the rulings of the court and the errors complained of, which is not done in this case. This is fatal to the point raised here by appellant that the court erred in refusing to allow the filing of the amended statement. *State v. Gee*, 79 Mo. 313, and authorities cited. This court cannot and will not presume that the refusal to permit the plaintiff to amend was for the reasons assigned in the argument of appellant. The presumptions are always in favor of the judgment of the court.

II. The amended statement offered to be filed in this case is not sworn to by S. D. Turner, the next friend of plaintiff, but by an outside party who had not been appointed by the court. This could not be done, and gives no force or validity to the affidavit. Rev. Stat., secs. 2905, 2906. This suit could not be commenced by an infant without the appointment of a next friend, and that must be done by the court. This suit could not be commenced by an infant, as it was necessary to be sworn to by his agent or next friend, and the infant could neither appoint an agent or next friend, and, therefore, the affidavit of S. D. Turner to the statement was a nullity.

III. The complaint filed before the justice was insufficient and stated no cause of action under the statute. *Gist v. Loring*, 60 Mo. 487; *State ex rel. v. Dunn*, 60 Mo. 70; *Madkins v. Trice*, 65 Mo. 656; Rev. Stat., secs. 2882, 2883; *Frederick v. Tiffen*, 22 Mo. App. 443.

IV. The statement of plaintiff as filed before the justice failing to state a cause of action, could not be amended in the circuit court. Authorities *supra*.

V. The action of the court in refusing to permit the plaintiff to file an amended statement, sustaining the motion to dismiss, and dismissing the suit, was correct under the decisions of the Supreme Court and the statute. Authorities *supra*. Amendments should not be allowed. Rev. Stat., secs. 2882, 2883. Section 3060 has no application to amendments in proceedings by replevin. One of the necessary averments necessary to be made in an action of replevin is that the property has been injured—state how and in what manner, and that for the taking and detention of said property and all injuries thereto plaintiff is damaged in. Rev. Stat., secs. 2882, 2883. The statute of replevin in justices' courts is unlike the statute in regard to attachments. In the latter case the law expressly allows amendments to be made. Rev. Stat., sec. 445. The amendment offered to be made was improper, because it brought a new item

or cause of action not embraced in the original statement, which is expressly prohibited by the section ( Rev. Stat., sec. 3060 ) upon which the plaintiff relied for his amendment.

ELLISON, J.—This is an action of replevin. The plaintiff is a minor, and in the statement filed with the justice of the peace before whom the case originated, he asked the appointment of "a next friend." Such appointment was made, on the day of trial.

On appeal to the circuit court, defendants filed a motion to dismiss the action ; pending this motion, plaintiff asked leave to file an amended statement, which was refused, and the motion to dismiss sustained. Judgment was then rendered for defendants, and plaintiff's motion to set the same aside having been overruled, he appealed to this court.

The objection to the original statement was that it failed to state, as required by sections 2882, 2883, Revised Statutes, that the property had been injured, or how, or in what manner, injured. Also, that the affidavit was made by an agent of the minor plaintiff, and not by his next friend. The affidavit was by "S. D. Turner, agent for Adolphus Turner, plaintiff."

I.   The statute permits the affidavit to be made by the "plaintiff, his agent, or his attorney." The question is thus presented, whether an infant plaintiff, without the interposition of a next friend or guardian, can appoint an agent to make affidavit to his statement in replevin. What acts of an infant are void, and what merely voidable, has been a prolific theme for discussion by the courts of this country, and about which there is diversity of opinion. But it is held, with substantial unanimity, that the appointment of an agent by an infant by power of attorney is void. *Dexter v. Hall,* 15 Wall. 9, 26 ; *Lawrence v. McArter,* 10 Ohio, 38 ; *Pyle v. Cravens,* 4 Litt. [Ky.] 17 ; *Trueblood v. Trueblood,* 8 Ind. 195 ; *Fonda v. VanHome,* 15 Wend. 631 ; *Stafford v. Roof,* 9 Cowen, 626 ; *Bennett v. Davis,* 6 Cowen, 393 ;

*Knox v. Flack*, 22 Pa. St. 337; *Armitage v. Widoe*, 36 Mich. 124; *Semple v. Morrison*, 7 Monroe, 298. In *Dexter v. Hall, supra*, Strong, J., says: "Yet it is universally held, as laid down by Lord Mansfield, in *Zouch v. Parsons*, that deeds of an infant which do not take effect by delivery of his hand (in which class he places a letter of attorney) are void. We are not aware that any different rule exists in England or in this country. It has repeatedly been determined that a power of attorney made by an infant is void. So it has been decided in Ohio, in Kentucky, in Massachusetts, and in New York. In fact, we know no case of authority in which the letter of attorney of either an infant or a lunatic has been held merely voidable."

And such appointment of an attorney for the purpose of endorsing a note is void whether it be by warrant of attorney or by parol. *Semple v. Morrison, supra.* A warrant of attorney by infant to confess judgment is void. *Bennett v. Davis, supra; Knox v. Flack, supra.* An infant's appointment of an attorney or agent to deliver property for him is void; to render it voidable merely, he must deliver manually. *Stafford v. Roof, supra.* His appointment of an agent to contract for him is void. Nor can he ratify such act. " He cannot affirm what he could not authorize." Cooley, Ch. J., in *Armitage v. Widoe, supra.* To same effect is *Trueblood v. Trueblood, supra.*

It seems that those acts and contracts which an infant may do or make, and which he can affirm or disaffirm, are such as are done or made by himself directly, and not removed by delegation to an agency which in itself is not binding on the infant. An agent ought necessarily to have a principal who is *sui juris*.

It is said in 1 American Leading Cases, 247, that such personal and discretionary legal capacity as an infant is vested with is, therefore, in its nature, incapable of delegation. And the rule that an infant cannot make an attorney is, perhaps, not an arbitrary or accidental exception to a principle, but a direct logical necessity of that principle.

There are two cases (*Hardy v. Waters*, 38 Maine, 450, and *Hastings v. Dollarhide*, 24 Cal. 195), which are not in accord with other authority on this question, but it is not believed the authorities cited in those cases sustain their assertions. But be that as it may, there is another consideration which is, to my mind, conclusive of this question. The affidavit is necessary to confer authority on the justice to issue process in the cause. The act of an infant in appointing an agent, if we should concede it was not absolutely void, is voidable at his election. So then if we should hold the affidavit of the agent sufficient, we would say that jurisdiction does or does not rest with the justice as the caprice of the infant may say. The jurisdiction of a court ought not to depend on such contingency.

II. It appears from the foregoing that the statement stood at the time process was issued and when the case was taken to the circuit court, without an affidavit, and the remaining question is, not strictly whether the affidavit can be amended, but can a statement in replevin without an affidavit, be verified on appeal to the circuit court.

Section 3060, Revised Statutes, 1879, provides that, "the statement of plaintiff's cause of action * * * may be amended upon appeal in the appellate court, to supply any deficiency or omission therein," etc. And this section has been held to apply to deficiencies or omissions which were jurisdictional. *Mitchell v. Railroad*, 82 Mo. 108; *Vaughn v. Railroad*, 17 Mo. App. 8. But in the case before us, it is not a deficiency or omission in the statement which is to be supplied by amendment, but it is adding an affidavit on appeal which is required before the issue of process. In my opinion it could not be supplied in the circuit court.

This disposition of the case renders it unnecessary to notice other contested points. The judgment is affirmed. All concur.