WILLIAM H. POSTON by next friend, Appellant, v. PARK WILLIAMS, Respondent.

Kansas City Court of Appeals, April 27, 1903.

1. **Justices' Courts: APPEAL: INFANT: AFFIDAVIT.** An infant by his next friend brought suit in a justice's court. He, and not his next friend, made the affidavit for appeal. *Held*, advantage can not be taken of that fact in the appellate court, but the question under the statute should have been raised in the trial court.

2. **Appellate Practice: AFFIDAVIT FOR APPEAL: RECITATION OF THE RECORD PROPER: NEW TRIAL.** Though no affidavit for appeal appear in the record, still if the record proper recites the filing of one the recitation imports verity and is conclusive upon all parties to the suit; and the same rule is applied to a motion for new trial.

3. **Infancy: PRINCIPAL AND AGENT: ACTION.** An infant can not appoint an agent, and therefore he can not sue his alleged agent for malfeasance.

Vol 99 app—33

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*H. A. Kerr* for appellant.

(1) The appellate court will examine the record and render such judgment as should have been rendered by the trial court, or remand the cause with directions to the lower court to render the proper judgment. Baughman v. Waterworks Co., 58 Mo. App. 580; Lovell v. Davis, 52 Mo. App. 342. (2) The sustaining of a motion for a new trial is no longer a mere matter of judicial discretion, and if no substantial legal reason appears in the announcement of the court, the motion for a new trial, or the record, then this court will reinstate the verdict and render judgment for the party who was successful in the trial court. Taylor v. Architectural Co., 47 Mo. App. 257; Lovell v. Davis, 52 Mo. App. 342; Baughman v. Waterworks Co., 58 Mo. App. 576.

*Henry L. Eads* for respondent.

(1) The appellant has failed to comply with Revised Statutes 1899, in every particular. The appellant files no motion to set aside order of court within four days nor during the September term of court, 1901. Said motion filed one year later, September 1902, filed no affidavit in appeal by the appellant or his agent during the same term, nor in fact has such affidavit in this cause been made at any time, by any one, contrary to section 808, Revised Statutes 1899. Burns v. Capstics, 62 Mo. App. 57; Clelland v. Shaw, 51 Mo. 440; Giesing v. Schowengerdt, 24 Mo. App. 554. (2) The court in sustaining the appellant's motion for a new trial and in arrest of judgment was proper and just to all parties under the law, the evidence and the plead-

ings.    The verdict was prejudicial to substantial rights of the parties upon the merits of the case, and the court's action in setting aside said verdict was proper. Itner v. Hughes, 133 Mo. 679; Bunyan v. Railway, 137 Mo. 12; Bradley v. Reppell, 133 Mo. 545; Rickroad v. Martin, 43 Mo. App. 597.    (3)    It is admitted that at the inception of this case the suit was commenced and prosecuted in the name of the minor.    William H. Poston, minor, certifies to his own statement and affidavit in replevin and during the trial of this cause the plaintiff, William H. Poston and not his next friend, is the one that is prosecuting this suit; this can not be done. R. S. 1899, sec. 550; Kerr v. Bell, 44 Mo. 120; Thornton v. Thornton, 27 Mo. 302; Copeland v. Yoakum, 38 Mo. 350; Turner v. Bondalier, 31 Mo. App. 582.    (4) The appellant half way takes the position now that Williams was the agent of Poston, the minor.    This, however, was not borne out by the testimony of the plaintiff himself nor of Frost and Sweaney who testified that he had sold the spotted horse and bought the black horse from Williams.    But this he could not do as the evidence was conclusive that Poston was a minor and the minor could not appoint an agent or affirm what he could not authorize, which in itself could not be binding on the infant whether it be by warranty of attorney or by parol.    Kerr v. Bell, 44 Mo. 120; Turner v. Bondalier, 31 Mo. App. 582; Downing v. Stone, 47 Mo. App. 147.

BROADDUS, J.—This suit originated in a justice's court where trial was had and judgment was for defendant, from which plaintiff appealed to the circuit court where he recovered a verdict which was set aside on motion, from which action of the court he appealed here.

The evidence tended to show that William H. Posten, the infant, was the owner of a certain horse, which he desired to exchange for another, and for the purpose

of making such exchange he and defendant entered into an arrangement which culminated in defendant exchanging plaintiff's animal for a certain black horse and a gray filly, the defendant paying fifteen dollars for the difference. The defendant surrendered the black horse to the plaintiff but kept the filly. Later, when plaintiff learned for the first time that defendant had also obtained in the exchange the gray filly he tendered to defendant fifteen dollars in money and demanded the animal. The defendant refused to accept the money tendered and to surrender the said filly, whereupon plaintiff brought his action of replevin.

The jury were instructed by the court to the effect that if they found the facts as claimed by plaintiff they would return a verdict in his favor. Amongst other instructions, the defendant asked the court to declare as a matter of law that plaintiff was not entitled to recover on the facts proved. This declaration was refused by the court. The finding of the jury was for the plaintiff, which finding, on motion, the court set aside, and assigned as a reason therefor that the giving of plaintiff's said instruction and the refusing of the one offered by the defendant, was error.

The defendant insists, in the first place, that the record fails to show that the circuit court had jurisdiction, for the reason that there was no valid appeal taken from the judgment of the justice's court; and, second, that it does not appear that any affidavit for an appeal was ever filed by the plaintiff from the circuit court to this court.

The first objection is based upon the fact that the affidavit for an appeal from the justice's court was made, not by the next friend, but by the infant himself. There was no objection to the appeal on the trial in the circuit court, and we are of the opinion it is too late to insist on that ground for a dismissal in this court. Section 4072, Revised Statutes 1899, provides: "No appeal allowed by a justice shall be dismissed for want

of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if appellant, or some person for him, will, before the motion to dismiss is determined, file in the appellate court the affidavit required.'' The statute evidently contemplates that such affidavits as the one under consideration shall answer the purpose intended, unless the appellee seeks to dismiss for want of a sufficient affidavit, in which case the defect may be remedied; otherwise it is waived. The case of Turner v. Bondalier, 31 Mo. App. 582, cited by defendant, has no application. That was a case where the objection to the affidavit was made in the trial court, and for the reason that the person making the affidavit for a writ of replevin was appointed by power of attorney by the infant to make the same. The court holding that the appointment of an agent by an infant by power of attorney was void. The proceeding there being in replevin, a writ was not authorized without a proper affidavit.

Second. It is true there is to be found no affidavit for an appeal to this court in the record. Still, the record proper states that one was filed. The recitation of the record imports verity, which is conclusive upon all parties to the suit. And the further contention that the plaintiff filed no motion to set aside the action of the court for granting a new trial must be disregarded for a similar reason, as the record also states that one was filed.

The remaining question is, was the court justified in setting the verdict aside for the reasons given? The evident conclusion by the court was, that on the facts plaintiff was not entitled to recover. The plaintiff has presented his case upon the theory that it was the opinion of the court that the action could not be maintained in the form of replevin. We will not follow his argument in that direction, but merely content ourselves in discussing plaintiff's right to recover as a matter of law, independent of the form of proceeding. The pro-

ceeding, though in replevin, is in the nature of an affirmance by the infant of the contract made by him with the defendant, in which he constituted him his agent to exchange his horse for another horse, and to obtain the full benefit of such exchange. In short, the action is against defendant as agent of plaintiff. The question raised is, was the act of the infant in appointing defendant to make said exchange of horses for him, void or voidable? In Turner v. Bondalier, supra, this court held that an infant could not by power of attorney appoint an agent to make affidavit for him in a statement of replevin. Judge ELLISON, who rendered the opinion of this court, reviewed many decisions of different courts on the question, among which was that of Armitage v. Widoe, 36 Mich. 124, wherein, in an opinion by Judge COOLEY, it was held that the appointment by an infant of an agent to contract for him was void. The plaintiff was not authorized to recover under the facts, and the court acted properly in setting aside the finding of the jury.

The cause is therefore affirmed. All concur.