## MABEL GRAHAM, Respondent, v. HENRY O. SLY, Appellant.

Kansas City Court of Appeals, March 2, 1914.

1. **NEGLIGENCE: Personal Injuries: Automobiles.** The plaintiff sued to recover damages for personal injuries sustained by the negligence of the defendant in driving his automobile. The plaintiff was riding in a buggy on a narrow highway with a young man and his sister, when the defendant's automobile

approached at a rapid rate of speed. The automobile was stopped suddenly near the team and a lot of steam escaped. The horses became frightened, caused the buggy to go over an embankment and the plaintiff was thrown out and injured. *Held*, that the demurrer to the evidence was properly overruled.

2. ———: ———: ———. Under the rules of the common law and Secs. 8517, 8518 and 8519, R. S. 1909, a duty is imposed on one operating an automobile of exercising care in keeping with the apparent demands of the situation with which he is confronted.

3. INSTRUCTIONS: Issue of Contributory Negligence. An instruction which does not cover an issue of contributory negligence is not erroneous, where contributory negligence has not been pleaded or proved.

4. PLEADING AND PRACTICE: Motion for Appointment of Physician. Where a defendant filed a motion for the appointment of a physician to examine the injuries of the plaintiff, after two mistrials, a change of venue, and near the date of the third trial, it was not an abuse of the discretion of the trial to overrule such motion.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burns*, Judge.

AFFIRMED.

*T. B. Allen* and *B. Raleigh Martin* for appellant.

*Hunt, Bailey & Hunt* for respondent.

JOHNSON, J.—Plaintiff began this suit in the circuit court of Atchison county to recover damages for personal injuries she alleges were caused by negligence of defendant in the operation of an automobile on a public highway in that county. At the time of her injury she was riding in a buggy as a guest of the driver, and the petition alleges that a negligent breach of a statutory duty of defendant caused the team of horses attached to the vehicle to become unmanageable. The answer is a general denial followed by allegations casting the entire blame for the injury upon the driver of the team. It contains no averments im-

puting such negligence to plaintiff and does not charge her with contributory negligence. The first trial of the case resulted in a disagreement of the jury, as did also the second, at which the Honorable FRANCIS H. TRIMBLE, now a member of this court, presided as special judge. The cause then was sent to Andrew county on a change of venue and a trial in the circuit court of that county ended in a verdict and judgment for plaintiff in the sum of $2000. Defendant appealed.

The injury occurred in the daytime on a public road crossing the valley of the Tarkio river, on an embankment four feet high and fifteen or sixteen feet wide. Plaintiff, a young woman employed in teaching school, was riding in a single-seat top buggy with a young man and his sister, the former doing the driving. The team was gentle and was accustomed to meeting and being passed by motor vehicles. While proceeding westward along the section of the road described, the occupants of the buggy observed an automobile coming at high speed from the opposite direction and the team was driven over to the north side of the road and stopped to await its passage. The day was cloudy and a light rain had fallen but witnesses for plaintiff say the road was not in bad condition

The automobile contained six occupants including defendant and his son who was doing the driving. Steam was its motive power and there is evidence tending to show that the loosened condition of packing around a piston permitted steam to escape even when the car was stationary. Knowing that he had a gentle team the driver did not give the autoist a signal to stop. From the evidence of plaintiff it appears that the automobile approached at a speed of from twenty-five to forty miles per hour until it was in front of the team when the autoist made an unexpected and sudden stop accompanied by the emission of a cloud of steam which blew into the faces of the horses and

so frightened them that they became unmanageable and in a wild effort to escape, pulled the buggy onto the side of the embankment, where it was overturned and plaintiff was injured.

Defendant and his witnesses describe the injury as having occurred in a manner relieving the autoist from any imputation of negligence. They deny that steam escaped and frightened the horses and assert that it would have been impossible for steam to have escaped through any other channel than the exhaust pipe at the rear of the car and that such escapement could occur only while the engine was running and not while the car was stationary. They state the car was not run at higher speed than eight miles per hour and was stopped near the team without any unusual or terrifying manifestations, for the reason that the narrowness and slippery state of the road indicated that it would be safer for the team to be driven past the car than for the car to attempt to pass around the team and buggy, and that the car was stopped as near the south edge of the road as possible and the horses were started forward but were negligently driven too near the edge of the embankment, with the result of tipping the buggy over.

In support of the demurrer to the evidence, counsel for defendant argue the physical impossibility of the injury having occurred in the manner described by plaintiff and her witnesses, but we do not share this opinion. The motive equipment of the car included a boiler for the generation of steam to run the engine. The jury were entitled to reject the assertion that steam did not and could not escape from the boiler while the engine was at rest and, consequently, could not be emitted in any other way than through the exhaust pipe and were justified in believing that the boiler was equipped with a safety device that automatically would relieve it of an overpressure of steam which, if not reduced, might cause an explosion. Nor can it be said

Graham v. Sly.

that it would be unreasonable to believe that defective packing around the piston could and did permit the escape of steam. The evidence of plaintiff that the stopping of the car was accompanied by the outburst of a cloud of steam that enveloped the horses is substantial and, therefore, raised an issue of fact for the jury to determine.

The absence of a signal from the driver of the car was equivalent to an assurance to the autoist that the horses were gentle and would not become frightened if the car were run by them without stopping, but did not constitute an invitation to be reckless or negligent. It became the duty of the autoist to handle the car in a manner reasonably regardful of the obvious conditions of the confronting situation and not to presume too far upon the declared gentleness of horses placed in such close quarters. It is fair to infer that any person of common sense, prudence and foresight would have anticipated the dangers that would attend such conduct as the evidence of plaintiff (which at this stage of the case must be accepted as true) attributes to the autoist. To approach on a narrow road at top speed and then suddenly to stop, and cause the machine to eject a dense cloud of steam into the faces of the horses could not well be expected to produce any other result than that which followed in the present instance.

The statute (Rev. Stat. 1909, secs. 8517, 8518 and 8519), as well as the rules of the common law, imposed on defendant the duty of exercising care in keeping with the apparent demands of the situation and the jury were entitled to infer from all the evidence that defendant's conduct fell short of meeting such requirements and in so doing became the proximate cause of the injury. The demurrer to the evidence was properly overruled.

Complaint is made of the failure of plaintiff's main instruction "to cover the issue of contributory negligence." We have shown that the answer does

not plead contributory negligence, which is an affirmative defense, and so far as it may be regarded as a question of fact as distinguished from one of law, must be pleaded in the answer. [Ramp v. Railroad, 133 Mo. App. 700.] Moreover the evidence of each party is found completely to exonerate plaintiff from any reasonable imputation of negligence. She was a guest of the driver of the team, had no control over him, could have done nothing to save herself, and was injured either by the negligence of defendant as she contends, or by that of her host, as defendant insists. In neither case could she have been at fault, nor could the negligence, if any, of her host be imputed to her. Since contributory negligence was neither pleaded nor proved, error cannot be predicated of the omission from the instructions of reference to it.

Objection is made to the overruling of a motion of defendant filed shortly before the last trial for the appointment of physicians to make a physical examination of plaintiff. The law invests the trial court with the power to exercise a discretion in such matters and unless it be made to appear that the questioned ruling was an abuse of discretion, the appellate court will not interfere. [13 Cyc. 229, et seq.; Norton v. Railway, 40 Mo. App. l. c. 646; Shamp v. Lambert, 142 Mo. App. l. c. 576; Sidekum v. Railway, 93 Mo. l. c. 403; Marler v. City, 65 Mo. App. l. c. 303; Paul v. Railway, 82 Mo. App. 500; Hill v. Sedalia, 64 Mo. App. l. c. 505.] There had been two mistrials, a change of venue, and the date for the third trial was near when the motion was filed. Defendant, advised of the nature and extent of the injuries plaintiff claimed she received from his negligence, had risked two trials without asking for an examination of her by court appointed physicians, and the court would have been justified, from all the circumstances, in concluding that the filing of the belated motion was not in good

177 Mo. App. 23

faith to serve requirements of justice, but was prompted by a desire to delay the case or to harass and humiliate plaintiff.

There was no prejudicial error in the record.

Affirmed. *Ellison, P. J.,* concurs; *Trimble, J.,* not sitting.