FERN SINGELTON HODGE v. ARNOLD FEINER, BY CHARLES FEINER, His Guardian *Ad Litem*, Appellant.—90 S. W. (2d) 90.

Division Two, January 4, 1936.

*Jones, Hocker, Sullivan, Gladney & Reeder, Web A. Welker, Vincent L. Boisaubin* and *Arnot L. Sheppard* for appellant.

*F. A. Foster* and *Strubinger & Strubinger* for respondent.

270

WESTHUES, C.—Respondent, plaintiff below, obtained a judgment in the Circuit Court of the City of St. Louis, Missouri, in the sum of $1,000 against Edwin Williams and appellant, Arnold Feiner. Plaintiff's alleged cause of action arose out of a collision of two automobiles. From this judgment Arnold Feiner appealed to the St. Louis Court of Appeals. That court, in an opinion by BECKER, J., reported in 78 S. W. (2d) 478, reversed the judgment of the circuit court as against Feiner. The court deemed its opinion to be in conflict with an opinion of the Springfield Court of Appeals in the case of McKerall v. St. Louis-San Francisco Railroad Co., 257 S. W. 166, and, therefore, certified the case to this court.

We quote from the Court of Appeals the statement of facts and the ruling of law thereon, which, if correct, is decisive of the case. It reads:

"The following resume of the record in the case is sufficient for the purpose of disposing of this case here on appeal: Charles Feiner, the father of the minor defendant Arnold Feiner, was the owner of a Ford automobile, the son having the privilege of using the car whenever he desired to do so. On the evening of September 12, 1930, Arnold Feiner, then eighteen years of age, took the automobile and picked up three of his companions with the intention of spending the evening together. They stopped at a filling station at Clayton and Oakland avenues, where Arnold Feiner got out of the machine and engaged in a personal conversation with one of the attendants at the filling station. After fifteen minutes or more, Feiner's three companions, who had remained in the automobile, became impatient and began sounding the horn of the automobile. Feiner, not having

finished his conversation, told the boys to go ahead and drive the car around and to come back in about ten minutes. Thereupon Edwin Williams, one of the boys in the car, took the wheel and drove away with his two companions. They drove about two miles from the filling station when, at the corner of Kingshighway Boulevard and Clayton Avenue, while Edwin Williams was driving, the automobile collided with another automobile in which plaintiff was riding as a passenger, resulting in the injuries for which plaintiff seeks to recover in this action.

"At the close of plaintiff's case, as well as at the close of the entire case, the minor defendant Arnold Feiner requested instructions in the nature of demurrers, each of which was overruled. The case was submitted by plaintiff to the jury upon instructions based upon the theory that Edwin Williams was operating the car at the time of the accident under the instructions of the minor defendant Arnold Feiner, to go upon an errand for him, and was, therefore, an agent for the said Arnold Feiner, and seeking to hold defendant Arnold Feiner liable for the negligence of his said agent while upon the errand for his principal.

"(1) We need to advert to but one of the assignments of error to dispose of this appeal, namely, that the trial court erred in failing and refusing to give an instruction offered at the close of the case, for the reason that Arnold Feiner, the appealing defendant, was an infant at the time of the accident and was not in charge of the automobile in question at the time of the collision in which plaintiff sustained the alleged injuries for which she seeks to recover in this action, and that, therefore, said Arnold Feiner, a minor, could not be held responsible for the act of his alleged agent or servant, the defendant Edwin Williams, who was the driver of the automobile, since an infant cannot legally appoint an agent or servant and is therefore not liable for the torts of alleged agents or servants. The point is well taken.

"The theory of plaintiff's case is that the defendant Arnold Feiner, an infant, was liable for the negligent act of the defendant Edwin Williams, his alleged agent and servant, under the doctrine of respondeat superior. The relationship of master and servant, or that of principal and agent, exists only in contract, and each requires the same capacity in the contracting parties as in the formation of any other agreement. If either of the parties is incapable of contracting, there is no mutuality, and neither is bound. It follows that the liability of principals for the negligence or other misconduct of their agents arises from the express or implied authority of the latter and the implied guaranty of the former, as it is the foundation in the contract which creates the relationship and by which it is implied

that persons shall not suffer by the negligence of those whom he employs.

"It has been held repeatedly that an infant cannot appoint an agent, and that such act is absolutely void and cannot be ratified by him. [Curtis v. Alexander (Mo.), 257 S. W. 432, l. c. 436; Turner v. Bondalier, 31 Mo. App. 583; Poston v. Williams, 99 Mo. App. 513, 73 S. W. 1099.] It therefore follows that though an infant may be liable for his own torts, yet since he cannot appoint an agent, he cannot become liable for torts committed by a servant in the course of his employment. [14 R. C. L., sec. 36, p. 260; Covault v. Nevitt, 157 Wis. 113, 146 N. W. 1115, 51 L. R. A. (N. S.) 1092, Ann. Cas. 1916A, 959; Burns v. Smith, 29 Ind. App. 181, 64 N. E. 94, 94 Am. St. Rep. 268; Trueblood v. Trueblood, 8 Ind. 195, 65 Am. Dec. 756; Robbins & Sanger v. Mount, 27 N. Y. Super. Ct. 553, 33 How. Prac. 24; 1 Cooley on Torts (3 Ed.), 188.]

"Since in the case before us it is admitted that the appealing defendant, Arnold Feiner by Charles Feiner, his guardian *ad litem*, was an infant at the time in question, it follows from what we have ruled above that the trial court erred in failing and refusing to sustain the demurrer offered at the close of the case."

We deem the ruling of the Court of Appeals correct as applied to the facts stated. The demurrer at the close of the evidence should have been sustained. The liability of the appellant, Feiner, rested solely upon the doctrine of *respondeat superior*. In other words Feiner was not present at the time of the collision, and for plaintiff to hold Feiner liable it was incumbent upon her to prove that Williams, the driver of the car, was the agent of Feiner and engaged on an errand in Feiner's behalf. Since Feiner was a minor he could not be held in tort on the doctrine of *respondeat superior*. The authorities cited in the opinion of the Court of Appeals support the ruling made. For additional authorities see 31 Corpus Juries, 1090, section 203, note 31. We do not rule that the facts proven in this case were sufficient to establish the relation of master and servant even if Feiner had been of legal age to contract. We are merely assuming that such a relation existed.

We are of the opinion that the Court of Appeals was in error in deeming its ruling to be in conflict with the opinion of the Springfield Court of Appeals in the McKerall case. In that case Roanne McKerall, a minor, was driving the family car. With her were a Miss Robertson and a small child. At the time of the accident, out of which the case arose, Miss Robertson was driving. The car was struck by a train at a crossing and all of the occupants of the car were killed. The parents of Miss McKerall sued the railroad company in damages for the death of their daughter. In discussing the question of whether the negligence of the driver, Miss Robertson,

was imputable to the deceased, Miss McKerall, a minor, the court said:

"There is no evidence that the father or mother put Miss Robertson in charge. The only reasonable inference is that Miss Robertson was driving by the permission of deceased, Roanne McKerall. It is contended that, since deceased was a minor, she could not lawfully appoint an agent so as to be held responsible for the negligence of such agent. Deceased was seventeen years of age, and therefore old enough to be responsible for her own tort. [Conway v. Reed, 66 Mo. 346, 27 Am. Rep. 354; Fears v. Riley, 148 Mo. 49, 49 S. W. 836.] Miss Robertson was driving by the permission of deceased, and therefore the car at the time, in contemplation of law, was under the direction of deceased. It is our opinion that the negligence, if any, of Miss Robertson was imputable to deceased."

In our opinion there is a vast distinction between the two cases. In the Hodge case, now before us, a minor was sought to be held responsible in tort solely on the doctrine of *respondeat superior*, when the tort was not committed in the minor's presence. In the McKerall case the Court of Appeals held that the car in which the minor was riding when she met her death, was, in contemplation of law, under the direction of the minor at the time of the accident. The negligence of the driver was, in contemplation of law, her own. The McKerall case finds support in the case of Atchison, etc., Ry. Co. v. McNulty, 285 Fed. 97, certiorari denied 262 U. S. 746, 43 Sup. Ct. 521, 67 L. Ed. 1212. The facts in the two cases are very similar. A minor was driving her father's car. She invited a friend, who, by permission of the minor, was driving the car when it was struck at a railroad crossing. The Federal Circuit Court of Appeals held that the car was under the control of the minor and the negligence of the driver was imputed to her and recovery was denied. The question of minority was not discussed, but the fact was revealed in the course of the opinion. [Markowitz v. Metropolitan St. Ry. Co., 186 Mo. 350, 357, 85 S. W. 351, 69 L. R. A. 389, was cited as authority.] In the Markowitz case this court held the negligence of the driver to be imputable to the master, who was riding with the driver, on the theory that the vehicle was under the master's direction. [See, also, 45 C. J. 1029, sec. 586.] We also find that in cases where occupants of a vehicle are held to be engaged in a common or joint enterprise the law imputes the negligence of one to the other. This, because in the eyes of the law each of the persons on the joint mission has a voice in the control and management of the conveyance. [45 C. J. 1031, sec. 588.] In many of these imputed negligence cases it may be said that the ultimate conclusion reached by the decisions is that the party to whom the negligence is imputed actually participated in the act of negligence or was in charge of the car or

vehicle and, therefore, had the right and authority to direct the driver of the vehicle in the manner of its operation. [5 Berry, Law of Automobiles, sec. 141, p. 183; Graham v. Sly, 177 Mo. App. 348, 164 S. W. 136, l. c. 138 (2-4).] So a close study of the McKerall case convinces us that the Springfield Court of Appeals, by its opinion, held that if there was negligence on the part of the driver, the minor, whose death gave rise to the cause of action, actually participated in the act of negligence, that is, the car was held to be under her direction and she permitted the operator of the car to drive it upon a railroad track in front of an oncoming train. The doctrine of imputed negligence has particular application to contributory negligence. [45 C. J. 1019, sec. 573.] We are, therefore, of the opinion that the holding in the McKerall case is not in conflict with the ruling of the St. Louis Court of Appeals in the case at bar.

Respondent argues that appellant did not try the case in the circuit court on the theory that he was a minor, but on the theory that Williams was not his agent. The record discloses that appellant offered a demurrer at the close of all the evidence in which a directed verdict was asked for appellant. The motion for new trial assigned the refusal of this instruction as error. It was renewed in the assignment of errors in the appellate court and briefed on two theories: First, that the evidence failed to prove agency; second, that appellant was a minor and not liable in tort on the doctrine of *respondeat superior*. It is apparent that appellant duly preserved for review the question upon which the case has been decided. The Court of Appeals considered this question at some length and reference is made to that opinion for authorities.

The judgment as against appellant is reversed. *Cooley* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.