### HARRISON v. CARROLL.

### EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. SAME.

#### Nos. 5140, 5142.

Circuit Court of Appeals, Fourth Circuit.
Dec. 20, 1943.

428

E. Walton Brown, of Danville, Va. (W. H. Rogers and Brown, Garrett & Bass, all of Danville, Va., on the brief), for appellants.

A. M. Aiken, of Danville, Va. (Aiken & Sanford, of Danville, Va., on the brief) for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

These appeals are taken from judgments for the plaintiff administratrix in actions growing out of the wrongful death of R. H. T. Carroll, as the result of an automobile collision. A judgment for $12,500 was entered by the District Judge, sitting without a jury, against Henry Harrison, a minor, who was found to have charge of his mother's car at the time of the accident; and a judgment for $10,000 was entered against Employers' Liability Assurance Corporation, Ltd., which had issued a liability policy for that amount on the Harrison car, and was brought into the case by a third party complaint. See the opinion of the District Judge in Carroll v. Harrison, D.C., 49 F.Supp. 283.

The evidence furnished adequate support for the findings of the District Judge which are summarized in the recital of facts that appears herein. Mrs. Harrison and her son lived on a farm near Reidsville, North Carolina. As was her custom on Sundays, she loaned her automobile on the day of the accident to her son who was nineteen years of age and who invited three other boys to ride with him, one of whom was Robert Going. They drove to the neighborhood of Danville, Virginia, where they purchased liquor and became intoxicated.

While in this condition Harrison and one of the boys got out of the car to get more liquor and Harrison permitted Going with the other boy to drive the car away to Danville to learn what plays were being shown at moving picture houses in the town and to return so that the party might decide what picture they wanted to see. At the time Going was intoxicated to Harrison's knowledge and not competent to drive the car; and on the way back from Danville a collision with another car was caused by Going's reckless driving, and the plaintiff's decedent and Going's companion were killed.

■ Under these circumstances we think that the judgment of the District Court was correct. Harrison, who had control of the car, permitted Going to drive it when he knew that Going was intoxicated and not competent to do so. In Crowell v. Duncan, 145 Va. 489, 134 S.E. 576, 50 A.L.R. 1425, it was held that the owner of an automobile, who knowingly entrusts it to one who is so incompetent by reason of intoxication as to convert it into a dangerous instrumentality, may be held liable for ensuing injuries. Similarly it is true that a custodian in charge of a car is responsible for the wrongful conduct of an incompetent person to whom the custodian knowingly entrusts the vehicle. See, Huddy on Automobiles, 5 Ed., § 292; Berry on Automobiles, 4 Ed., § 1144.

■ The minority of young Harrison presents no defense because the liability of an infant for his torts is well established not only in Virginia, where the accident took place, but generally in other jurisdictions. Fry v. Leslie, 87 Va. 269, 12 S.E. 671; Saum v. Coffelt, 79 Va. 510, 515; Cole v. Wagner, 197 N.C. 692, 150 S.E. 339, 71 A.L.R. 220; 27 Am.Jur., Infants, § 90. There are cases in states other than Virginia which go very far in holding that a minor is not liable for injuries caused in his absence by the negligent operation of an automobile within his control which he has entrusted to another, even though the car is being used at the time for the minor's purposes. Hodge v. Feiner, 338 Mo. 268, 90 S.W.2d 90, 103 A.L.R. 483, note. We need not stop to inquire whether these decisions limit the liability of an infant for tort unnecessarily and wrongfully by reading into the law of torts a restriction that pertains to the law of contracts, and frees him from responsibility for wrongful acts committed in the course of conduct under-

taken for his benefit, although he would have complete liability if the acts were performed by him or by another in his presence. In the pending case the negligent act which caused the decedent's death did not begin when the cars that collided approached one another on the road; it had its genesis when the minor defendant entrusted the car to a drunken youth and set loose in irresponsible hands a dangerous instrumentality upon the public road. For the fatal consequences of this gross wrong he is as responsible as if he had been present when the casualty occurred.

 The liability of the Insurance Company depends upon the clause of the policy issued to the owner of the car wherein the meaning of the term "insured" is defined as follows: "Any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured". It is conceded by the Insurance Company that since the policy was written and delivered in North Carolina the extent of its liability under the policy is to be determined by North Carolina law. Myers v. Ocean Accident, etc., Co., 4 Cir., 99 F.2d 485. Section 2621(123) of the North Carolina Code of 1939 provides that an automobile insurance policy "shall insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the consent, express or implied, of such insured against loss from the liability imposed by law upon such insured or upon such other person for injury to or death of any person."

Mrs. Harrison did not give express consent to the use of the automobile by Going and the question is whether her consent to such use may be implied from the circumstances of the case. There was some evidence that at one time she had asked her son not to permit any one else to drive the car and the Insurance Company therefore contends that her consent to the use of the car by Going at the time of the accident may not be implied; but the District Judge found upon sufficient evidence that the car had been driven by another person than her son to her knowledge on at least one prior occasion and that her authority to her son to use the car on Sundays for his own purposes and his own pleasure was so broad as to imply her consent to its use in any ordinary manner that

he might see fit. We agree with the District Judge that the temporary loan of the car by the son to Going in order that he might make the short run to Danville and return for the common purposes of the group was well within the scope of the express permission granted by the owner to her son. See Hinton v. Indemnity Ins. Co., 175 Va. 205, 8 S.E.2d 279; Glens Falls Indemnity Co. v. Zurn, 7 Cir., 87 F.2d 988; Maryland Casualty Co. v. Hoge, 153 Va. 204, 149 S.E. 448; Odden v. Union Indemnity Co., 156 Wash. 10, 286 P. 59, 72 A.L.R. 1363; Trotter v. Union Indemnity Co., D.C., 33 F.2d 363, affirmed 9 Cir., 35 F.2d 104; Dickinson v. Maryland Casualty Co., 101 Conn. 369, 125 A. 866, 41 A.L.R. 500; Johnson v. Steele, 154 Ore. 137, 59 P.2d 237; United States F. & G. Co. v. Mann, 4 Cir., 73 F.2d 465.

We think, too, that the liability of Henry Harrison was covered by the policy under the North Carolina law, since he was "responsible for the use" of the car and his wrongful act in permitting it to be used by an intoxicated companion resulted in the fatal collision.

Affirmed.