**STATE ex rel. Nancy Corinne DYER, a Minor, by J. Raymond Dyer, her Next Friend (Relator), Appellant,**

v.

**UNION ELECTRIC COMPANY, a corporation, and Eugene J. Shapiro, Secretary of said corporation, J. Wesley McAfee, President of said corporation, and Ralph E. Moody, Chairman of the Board of Directors of said corporation, Respondents.**

No. 29788.

St. Louis Court of Appeals.

Missouri.

Feb. 4, 1958.

Motion for Rehearing or to Transfer to Supreme Court Denied March 1, 1958.

J. Raymond Dyer, St. Louis, for relator and per se as relator's Next Friend.

Robert J. Keefe, Keefe, Doerner, Schlafly & Griesedieck, St. Louis, for respondents.

RUDDY, Presiding Judge.

This is an appeal from a judgment dismissing with prejudice relator's (appellant's) petition for mandamus and damages. The judgment also quashed the alternative writ of mandamus previously issued.

The trial court sustained respondents' contention that relator's petition failed to state a claim upon which relief could be granted, basing its decision on the proposition that, under the law of Missouri, a minor is without legal capacity to appoint an agent.

The respondents in their statement have fairly stated the effect of the averments of the petition necessary to a review of the lower court's action. We restate them as follows:

"1. That on December 7, 1956, relator, a minor, appointed J. Raymond Dyer, her father, as her attorney and agent to act for her and in her name in all matters pertaining to her ownership of 100 shares of stock of Union Electric Company.

"2. That both before and after December 7, 1956 (when the power of attorney was executed) relator, 'through her said attorney and agent,' requested permission to inspect and copy certain records of Union Electric Company—each of said requests being made to an

officer of the company—and that when the last of those requests was made (on December 11, 1956) the power of attorney which relator had executed was submitted to the Secretary of the company.

"3. That all of said requests were refused and that, on December 12, 1956, respondents, through their attorney, advised relator, 'through her said attorney and agent,' that they declined to accept the power of attorney as evidence of his authority to act for her in making the inspections requested.

"4. That in fact the power of attorney referred to 'does lawfully empower relator's said attorney and agent to make said inspections for her' and that respondents, in their contrary position, were not acting in good faith.

"5. That relator wished to obtain, through the inspections requested, information as to the affairs of the company, to advise her fellow stockholders with respect thereto, and to obtain their proxies, so as to bring about the election of a new board of directors of the company and thereby to effect a change in the management.

"6. That the respondent company maintained certain embossed addressing plates which might be used to address envelopes which relator desired sent to her fellow stockholders; and relator offered to pay the company a reasonable sum, to be approved by the Court, to compensate it for the use of such plates on the premises of the company and under its supervision."

Other allegations contained in relator's petition are that her attorney and agent was denied permission to attend a meeting of the Board of Directors held November 16, 1956; that on December 11, 1956, relator, through her attorney and agent, broadened the request to inspect and copy records to include records of certain ad-vertisements, certain reports to stockholders, minutes of the Board of Directors' meeting held November 16, 1956, and records showing the interest of the Union Electric Company in Electric Energy, Inc. It was further alleged that certain advertisements published in newspapers were deceptive; that an executed copy of the power of attorney was attached to the petition for the appointment of J. Raymond Dyer as her next friend and that under the statutory and common law relator, through her attorney and agent, was entitled to access to the books and records specified and was entitled to examine them and make copies thereof.

The prayer of the petition was for a writ of mandamus to produce to relator "acting through her said attorney and agent" and next friend, the books and records specified and $250 for each of the three alleged refusals to comply with the requests made by her attorney and agent, as prescribed by Section 351.215 RSMo 1949, V.A.M.S. The relator also prayed that the embossed addressing plates be made available to her agent in accordance with her offer of payment.

An alternative writ of mandamus was issued commanding respondents to produce for relator's attorney and agent the records and matters specified in relator's petition or to show cause why they should not do so.

The return of the respondents to the alternative writ of mandamus, among other things, alleged that the power of attorney, executed by relator, by which she attempted to appoint her father as her agent, was void, because relator was a minor, and, therefore, was without legal capacity to appoint an agent. Respondents asserted that this fact was shown on the face of relator's petition and for this reason relator is not entitled to the issuance of any writ of mandamus or to any other relief. As we stated at the beginning, the trial court sustained this contention of respondents and dismissed relator's petition with prejudice.

Relator in her brief has listed 17 alleged points under her "Points and Authorities." Only one of the 17 points relied on complies with 42 V.A.M.S. Supreme Court Rule 1.08 and this point is insufficient to preserve the single issue that appears to be present in the case. Most of the other points are mere abstract statements of law that do not show how they are related to any action or ruling of the trial court. Others are merely argument or an analysis of the authorities. However, there is only one single issue in the case and this issue can be easily ascertained from the brief. Another reason is present that compels us to overlook the insufficiency of relator's brief and it is that relator herein is a minor and, therefore, we are reluctant to ignore this obvious issue merely because her brief fails to comply with the rule.

Relator at the very beginning of her brief, under a heading designated "Preface" makes the following statement:

· "This case presents, primarily, a single question of law. Does a stockholder in a Missouri corporation, who is a minor, have the legal capacity to appoint an attorney, agent or proxy to request for her the corporate record inspection privilege accorded all stockholders, * * * by R.S.Mo.1949 § 351.215?"

We must not confuse the question here for review with the right, if any relator has, to have her father represent her, in the requests made for inspection, as natural guardian or in any capacity other than attorney and agent under a power of attorney. In order to pinpoint the precise question involved we think it not amiss to point out that relator's petition has predicated her right to mandamus and damages on the sole theory that she, a minor, may validly appoint an agent and that by virtue of the power of attorney executed by her she appointed J. Raymond Dyer, her attorney and agent.

Relator's petition shows her to be a minor and further shows that J. Raymond Dyer when making his requests for inspection of the records of the Union Electric Company was acting as her agent and attorney by virtue of appointment as such under a power of attorney executed by relator. If relator is without legal capacity to appoint an agent, then her petition shows that she is not entitled to the relief sought.

It is the position of relator's next friend, J. Raymond Dyer, that the power of attorney executed by relator, his minor daughter, was valid and that by virtue of his appointment as her agent and attorney requests for inspection made by him in behalf of relator were valid and respondents should have produced for inspection the records requested.

This court in the case of Hodge v. Feiner, Mo.App., 78 S.W.2d 478, loc. cit. 480, said:

"It has been held repeatedly that an infant cannot appoint an agent, and that such act is absolutely void and cannot be ratified by him. Curtis v. Alexander (Mo.Sup.) 257 S.W. 432, loc. cit. 436; Turner v. Bondalier, 31 Mo. App. [582], 583; Poston v. Williams, 99 Mo.App. 513, 73 S.W. 1099."

The aforesaid case was thought by this court to be in conflict with an opinion of the Springfield Court of Appeals and for this reason was certified to the Supreme Court for settlement of the supposed conflict. The Supreme Court reviewed the decision of this court and at 338 Mo. 268, 90 S.W. 2d 90, loc. cit. 91, said:

"We deem the ruling of the Court of Appeals correct as applied to the facts stated. The demurrer at the close of the evidence should have been sustained. The liability of the appellant, Feiner, rested solely upon the doctrine of respondeat superior. In other words, Feiner was not present at the time of the collision and for plaintiff to hold Feiner liable, it was incumbent upon her to prove that Williams, the driver of the car, was the agent of

Feiner and engaged on an errand in Feiner's behalf. Since Feiner was a minor, he could not be held in tort on the doctrine of respondeat superior. The authorities cited in the opinion of the Court of Appeals support the ruling made. For additional authorities, see 31 C.J. 1090, § 203, note 31."

One of the authorities cited in support of our opinion in Hodge v. Feiner, Mo.App., 78 S.W.2d 478, is the case of Curtis v. Alexander, Mo.Sup., supra. In that case the petition was in two counts. The first count sought to set aside a deed to land made by Cary J. Alexander, deceased, to a minor defendant, Paul Jefferson Alexander, son of the defendant, Dr. William E. Alexander, and to partition said land. The grounds alleged for setting aside the deed were that at the time said decedent "is claimed to have executed said deed, he had not sufficient mental capacity to make a valid deed, and that said deed was procured by the undue influence of defendant William E. Alexander, the father of said minor, Paul Jefferson Alexander."

One of the points raised by plaintiffs was the competency of one of the defendants, Dr. William E. Alexander, the father of the minor defendant, Paul Jefferson Alexander, to testify, it being contended that because he negotiated the contract for the deed to his minor son and the other party to the contract was dead, under the statute he was prohibited from testifying. In answer to this contention the Supreme Court said:

"The first point made by appellants is that the lower court erred in admitting the testimony of Dr. Alexander, because he negotiated the contract for the deed for his minor son, and the other party to the contract is dead, and therefore the statute (R.S.Mo.1919, § 5410) prohibits him from testifying. He certainly did not so negotiate such contract or transaction as principal, because the deed was not made to him in whole or in part. He has no interest in the property. Nor did he act as his son's agent, because a minor has no legal capacity to appoint an agent or ratify his appointment after he becomes of age. * * * But, admitting the father was the son's agent, he was not disqualified as a witness by said statute. It is only the party himself, and not his agent or any one acting for him, that is so disqualified from testifying by said statute, when the other party is dead." (257 S.W. 432, loc. cit. 436.)

Relator contends that the statement in this opinion, "a minor has no legal capacity to appoint an agent" is a dictum and was not a necessary statement in ruling on the issue presented. It is true the court also said that "admitting the father was the son's agent, he was not disqualified as a witness * * *" and in making this statement may have indicated it was of little importance whether or not a minor could appoint an agent; nevertheless, the court must have thought the statement was necessary to fully answer the contention made by appellants. We are bound to follow the ruling in the Curtis v. Alexander case for the additional reason that the Supreme Court unquestionably held in Hodge v. Feiner, 338 Mo. 268, 90 S.W.2d 90, that a minor cannot appoint an agent and cited the Curtis v. Alexander case as supporting authority.

In Turner v. Bondalier, 31 Mo.App. 582, 583, it was held that an infant could not appoint an agent. In that case the court in its opinion reviewed the authorities and stated the reasons supporting the holding that an appointment of an agent by an infant by power of attorney is void. A more exhaustive statement of the reasons for the rule may be found in Mechem on Agency, Second Edition, Secs. 139–143, pp. 97–102. To the same effect as Turner v. Bondalier, supra, see Poston v. Williams, 99 Mo.App. 513, 73 S.W. 1099.

We are aware that other jurisdictions do not hold that an infant's appointment of an agent is void. These jurisdictions place an infant's appointment of an agent and acts

of the agent thereunder voidable and not absolutely void. The recent trend in some jurisdictions which formerly followed the rule prevailing in this state is to place an infant's appointment of an agent within the rule applicable to the infant's other acts and make it merely voidable. However, we are bound to follow the doctrine laid down for us by the Supreme Court of this state in the cases we have cited.

The only point in relator's brief that in some measure complies with Supreme Court Rule 1.08 asserts in substance that the order made in Division 1 of the Circuit Court of the City of St. Louis appointing J. Raymond Dyer as next friend to prosecute the instant proceeding recognized relator's next friend as her agent and attorney and, therefore, adjudicated relator's right to appoint an agent. Relator contends that the Division of the Circuit Court having jurisdiction of her mandamus petition was bound by the aforesaid adjudication.

The order of Division 1 made no such adjudication. It merely stated by way of recital that the petition for appointment of next friend had attached to it "her (relator's) duly executed, witnessed and acknowledged power of attorney appointing J. Raymond Dyer" her agent and attorney. The only adjudication made by the court was that "said J. Raymond Dyer is hereby appointed as next friend of said Nancy Corinne Dyer, to institute and prosecute said suit." This was the only order made and the only one that could have been made. It was an ex parte proceeding and beyond making the order appointing a next friend the court had no other jurisdiction. This contention is ruled against relator.

Finding no error, the judgment of the trial court should be affirmed in all respects. It is so ordered.

MATTHES and ANDERSON, JJ., concur.